[Crim. No. 3792. Second Dist., Div. Two. Nov. 22, 1944.]

THE PEOPLE, Respondent, v. JOSEPH FEGELMAN, Appellant.

Morris Lavine for Appellant.

Robert W. Kenny, Attorney General, Frank Richards, Deputy Attorney General, Fred N. Howser, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

McCOMB, J.—From a judgment of guilty of grand theft after trial before a jury, defendant appeals.

There is also a purported appeal from orders denying defendant's motions to dismiss the case.

So far as material for the determination of this appeal, the essential facts are:

On September 2, 1943, defendant entered a plea of not guilty to an information charging him with the crime of grand theft, which information was filed August 31, 1943. The date of trial was fixed for November 1, 1943. When the case was called for trial November 1, 1943, at 9 a.m. in department 41 of the superior court, Judge Condee presiding, both the People and defendant announced they were ready for trial, whereupon the deputy district attorney, representing the People, requested that the case be continued for one day in order that he might obtain evidence to lay a foundation for the admission of the preliminary testimony of absent witnesses.[1]

---

[1]The reporter's transcript shows that the following occurred when the action was called for trial:

"MR. LEAVY: . . . However, if I get a continuance of the trial here for a day, which I believe is within the sixty-day period of the time of

No showing was made that the People had used due diligence to obtain the presence of the absent witnesses. After considerable argument between the court and counsel the matter was continued until 1:45 p.m. on November 1, 1943, in department 41. At 1:45 p.m. the case was again called and the trial judge announced that another department of the

---

the defendant's plea, I will be able, I am sure, to make a showing as to Officer Walker under Section 686, and thereby read his testimony also. In other words, it is necessary for me to try here, to be given time in order to make a showing as to Officer Walker so as I can read his testimony.

''MR. LAVINE: Your Honor, there is no showing, but merely his statement, that any diligence has been shown in the procurement of these witnesses. The section is mandatory that a full showing be made and that it be so construed.

''THE COURT: Mr. Lavine, the District Attorney is only an employee of the People, and the purpose of the trial is to try the issues on the facts through the witnesses.

''MR. LAVINE: We are entitled to go to trial on the day it is set for trial. We are ready for trial. . . .

''THE COURT: Mr. Lavine, the request of the District Attorney seems reasonable enough, and he only seeks one day. I can keep you here one day anyway, because I have some other matters that require my attention. If you should prefer not to wait around all day you can come back in the morning.

''MR. LAVINE: We cannot consent to a continuance, your Honor.

''THE COURT: Very well. I will mark the case ready. You stay right here in the courtroom at all times.

''MR. LAVINE: Yes, your Honor, I will be right here.

''THE COURT: I have some other matters that I must take up.

''MR. LAVINE: At this time defendant objects to any delay in the trial by reason of any matters which the District Attorney has set forth in his grounds; that there has been no adequate showing made as provided by Section 686 of the Penal Code. The District Attorney has made no showing, as far as this court is concerned, upon which this court can exercise any discretion as to any showing of due diligence.

''At this time the defendant moves for a dismissal of the case on the ground that he has been denied his right of speedy trial, and that the delay which the court now intends to enforce upon the defendant is not due to the fact that the courtroom is disengaged or that there are no other superior court departments available to try this case on this day.

''We are prepared to show and we offer to prove that this court and other courts are available to try this case on this day. We are prepared to show that other superior courts as well as this court are open for the trial of this case on this day and that the delay that has been asked by the District Attorney would not give the defendant his constitutional rights under 686 of the Penal Code.

''MR. LEAVY: May I reply?

''THE COURT: It is not necessary. I have denied the District Attorney's motion for a continuance. Mr. Lavine knows more about the court than I do, it seems. I have the case here on my docket and I will proceed to trial just as soon as I can reach the matter. I have some matters in chambers and I have some other matters, but I will probably be ready to try the case today. Mr. Lavine will wait in the courtroom.

superior court could try the case, [2]whereupon the deputy district attorney renewed his motion for a continuance of the trial of the case to which defendant objected.

The court, after listening to counsel for both sides, continued the trial of the case until November 2, 1943.[3] The case was on November 2, 1943, transferred to department 40 of the superior court where defendant moved to dismiss the case on the ground that he had been denied the right to a speedy trial as provided in article 1, section 13 of the state Constitution

---

"MR. LAVINE: I will be here.

"THE COURT: If you desire to let it go until tomorrow morning and that would accommodate you——

"MR. LAVINE: I have no notion of being accommodated on that matter.

"THE COURT: Very well. You will stay in the courtroom. Do not go out, because I may take it up at any time.

"THE COURT: We have delayed other matters sufficiently. We will now proceed. The matter of *People* vs. *Fegelman* will be taken up again at 1:45."

[2]"THE COURT: We have a department that we can transfer the case to."

[3]"The minutes of department 41 on November 1, 1943, relative to the present case, *People* v. *Fegelman*, show the following note:

"'Trial is continued to November 2, 1943 at 9:00 A. M.'

"The record also discloses the following:

"THE COURT: Mr. Lavine, as an officer of this court, you would not want to get this man off on a technicality, would you?

"MR. LAVINE: Your Honor, it is my duty to preserve the rights of my client. My client stands here today ready for trial.

"THE COURT: You set this case the very last day.

"MR. LAVINE: No, we did not have anything to do with the setting, your Honor. We had no voice in the matter. The matter was set by the——

"THE COURT: That record also will stand on its own feet. I do not know what the record does show.

"MR. LAVINE: The case was set on the date set by the presiding judge. We made no objection. We have asked for no continuance. The District Attorney has not been in a mood to grant us any quarter in this case and we have asked for none. We are simply seeking our constitutional and statutory rights, because those are fundamental rights that are preserved to a person, and under our position here The People have failed to make a showing of due diligence, because they have done none of the things since October 16th that they had within their knowledge in regard to getting this witness here today.

"THE COURT: Suppose the District Attorney has been rather negligent—I am not saying that he has—The People of the State of California are not responsible for that, and the court hopes to give everybody a fair trial, but does look with disfavor upon technical efforts to get an advantage for the defendant. We want to give the defendant every reasonable advantage that he is entitled to. I will consider the matter.

"Of course, you are in a dilemma, Mr. Leavy, because you may not be able to get this man here in three or four days. I am sure you will find Mr. Lavine very busy.

"MR. LEAVY: That is why I am asking the court to continue it until

and section 1382 of the Penal Code. The judge presiding in department 40 declined to entertain defendant's motion and refused to rule upon the same for the reason that the judge of department 41 had previously denied defendant's motion to dismiss the case.

■ Defendant urges, among others, this proposition as grounds for reversal of the judgment;

*That the trial court erred in not granting his motion to dismiss the case pending against him, upon the ground that he had not been afforded a speedy trial in accordance with the provisions of article I, section 13 of the state Constitution and section 1382 of the Penal Code.*

---

tomorrow morning, if the court please, with that particular reason I would ask the court to advise Mr. Lavine that he should be ready for trial in the morning.

"MR. LAVINE: Oh no.

"MR. LEAVY: If we should not be fortunate to have Mr. Walker here for the trial, we will continue the case until the following day and on the following day to the following day and under that the defendant would not be deprived of his constitutional rights. I am not trying to lay a foundation to read Mr. Walker's testimony. I am trying to lay a foundation for a continuance.

"MR. LAVINE: Now, as to the continuance from day to day, your Honor, certainly we have some rights in these matters, and I submit it is a very unfair thing for the District Attorney to ask us to return here from day to day.

"THE COURT: I do not think so. When you start a lawsuit you have got to be prepared for it to last several days anyway. The court cannot act on these things all at once. This court is busy. It is possible I could get some other judge on the floor to hear the case. I am not yet prepared to rule on this motion. I am going to let the case trail here in its proper place, and I will take the motion under advisement and possibly will rule on it tomorrow morning, if I have a chance to read these cases. If you have any other cases that you want me to read, give the citations to the clerk.

"MR. LAVINE: Yes, your Honor.

"THE COURT: The case will be called again. All the witnesses will return to this department tomorrow morning at 9:30.

"MR. LEAVY: At this time I wish to call the court's attention to the fact that this defendant on previous occasions has failed to appear when he has been on bond, and I wish to advise the court.

"THE COURT: We can take care of that situation if you want to start over.

"MR. LEAVY: I am not attempting to start over.

"THE COURT: We will take a chance on that. I will give the defendant full faith and credit. I do not presume any defendant guilty. Of course, I am not the District Attorney, I am only the judge.

"MR. LAVINE: May the record show that this is being done over the objection of the defendant?

"THE COURT: This is not continuance, Mr. Lavine, make the most of it if you can, on appeal. The court cannot do everything at once. I am handling this case just as rapidly as I can. The court is going to settle the matter. I will see you again tomorrow morning at nine o'clock.''

This proposition is tenable, and is governed by the following rule:

If a case is not brought to trial within sixty days after the filing of an information, and the (a) defendant does not consent to a continuance, (b) prosecution fails to show good cause for a continuance, (c) business of the court will permit the trial, (d) illness of the trial judge does not prevent the trial, or (e) some good reason for delaying the trial is presented, it is mandatory upon the trial court upon motion of the defendant, to grant a motion to dismiss the cause. (*People* v. *Godlewski,* 22 Cal.2d 677, 682 [140 P.2d 381] ; *Harris* v. *Municipal Court,* 209 Cal. 55, 60 et. seq. [285 P. 699] ; *People* v. *Angelopoulos,* 30 Cal.App.2d 538, 543 [86 P.2d 873]. See, also, *People* v. *Molinari,* 23 Cal.App.2dSupp. 761 [67 P.2d 767].)

Applying the foregoing rule to the facts of the instant case, it appears that defendant was not brought to trial within sixty days after the filing of the information. Defendant did not consent to a continuance beyond that period. Neither did the district attorney make a reasonable showing for a continuance to a time beyond the sixty day period. The superior court was open and functioning and, according to the record, its business would have permitted a trial within sixty days after September 2, 1943. Since no good reason was presented for a delay of the trial beyond the period within which a criminal action must be brought to trial it was mandatory upon the trial court to dismiss the action. (*People* v. *Angelopoulos, supra,* 543.)

█ A defendant is not to be deprived of his constitutional rights by the improper action of a trial judge in pretending that matters which he has in chambers, as indicated by the trial judge in the instant case, will prevent a trial within the statutory period nor by the judge's effort to coerce defendant's counsel into consenting to a continuance beyond the statutory period.

Neither *People* v. *Lyons,* 80 Cal.App. 257 [251 P. 648], nor *People* v. *O'Shaughnessy,* 135 Cal.App. 104 [26 P.2d 847], are applicable in the present case. In each case the continuance was granted after adequate showing had been made for the continuance in the trial court.

In view of our conclusions, it is unnecessary to discuss other points urged by counsel as reasons why the judgment should be reversed.

Since an order denying a motion to dismiss an action is not

appealable, defendant's purported appeal from such orders is dismissed. (*People* v. *Bentson,* 132 Cal.App. 295, 297 [22 P.2d 734].)

For the foregoing reasons the judgment is reversed and the trial court is ordered to grant defendant's motion to dismiss the cause.

Moore, P. J., and Wood, J., concurred.

A petition for a rehearing was denied December 7, 1944, and respondent's petition for a hearing by the Supreme Court was denied December 21, 1944. Edmonds, J., voted for a hearing.