[Civ. No. 24885.   Second Dist., Div. Two.   Sept. 6, 1960.]

FRANK JOSEPH CAPUTO, Petitioner, v. MUNICIPAL COURT FOR THE EL MONTE JUDICIAL DISTRICT et al., Respondents; THE PEOPLE, Real Party in Interest.

Anderson & Griffin for Petitioner.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondents.

William B. McKesson, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Real Party in Interest.

KINCAID, J. pro tem.*—Petition for writ of mandamus or writ of prohibition to restrain the municipal court from proceeding with the trial of petitioner and to show cause why said action should not be dismissed.

The petition discloses that petitioner was arrested on April 29, 1960, for claimed misdemeanor traffic violations, and was arraigned on May 18, 1960, being there represented by counsel. Petitioner entered a plea of not guilty to all counts, requested a jury trial thereon and without objection on the part of petitioner the trial date was set for June 16, 1960. Petitioner thereby consented to a setting of his case for trial at a date more than 30 days after he was arrested and brought within the jurisdiction of the court.

---

*Assigned by Chairman of Judicial Council.

On June 16, 1960, petitioner appeared in court with counsel and announced that he was ready for trial. The ensuing proceedings are in dispute. Petitioner alleges that at all times thereafter he objected to any continuance of the trial and denies that he consented to any new trial date. The People, the real party in interest and respondent court in their return and answer to the petition allege that at the time and place in question the People, through counsel, moved to have the matter continued on ground that the chief witness, Deputy Alfred E. Gossner, the citing officer, was not available by reason of being out of the state on vacation. It is further alleged that in such motion for continuance the People did not specify any length of time or duration for the requested continuance. Defendant-petitioner opposed any continuance. The court indicated it would grant a continuance whereupon petitioner and his counsel agreed to and approved the date of July 28, 1960, as the date to which the matter should be continued. It is further alleged that the court's minutes, insofar as they relate to this matter, are not a full and complete record of proceedings and it will therefore be necessary to take further evidence to show that the true and correct proceeding were as alleged; that by reason of defendant's requesting and agreeing to the continuance date he has waived any right to trial within 30 days and good cause for continuance thereto is shown.

The minutes of the court on June 16, 1960, show: "Cause called for trial. People represented by Roy Norman, deputy District Attorney. Defendant in court and represented by counsel, William T. Anderson. Motion of People that case be continued as one of their witnesses is out of state, motion opposed by defendant. Motion granted. Cause continued to July 28, 1960 at 9:30 A. M., Division 1 for Jury Trial. Bail up to stand."

On June 29, 1960, petitioner filed for writ of mandamus or writ of prohibition in the Superior Court of the State of California in and for the County of Los Angeles, and on July 13, 1960, alternative writ was denied.

Alternative writ of prohibition was granted by this court on July 27, 1960, and respondent court was ordered to show cause on August 12, 1960, why it should not be restrained from any further proceedings in said action.

On this latter date, as a part of oral argument, counsel for the People requested this court to take additional evidence by way of affidavits as to the factual circumstances which were

before the trial court on June 16, 1960. Leave was thereupon granted both the People and petitioner to file such affidavits. Affidavits of Roy L. Norman, Deputy District Attorney of the County of Los Angeles and Alfred E. Gossner, Jr., Deputy Sheriff for the County of Los Angeles, together with sworn statements of the witnesses Shirley E. Johnson and Ione Brown were then filed in behalf of the People. Affidavit of William T. Anderson, attorney for petitioner and of the petitioner, himself, have likewise been filed.

The affidavit of Norman states that some time prior to the trial date of June 16th he was informed by Deputy Sheriff Gossner that the latter was a material witness and the citing officer in the case of *People* v. *Caputo* scheduled for trial on June 16, 1960, and on that date said witness would be on vacation in Yosemite National Park, California. Gossner then gave to Norman the names of the two civilian witnesses, Johnson and Brown. Norman thereupon telephoned counsel for petitioner, informed him of the situation and that the People would request continuance. Petitioner's counsel stated he would oppose any continuance. When the case was called petitioner and his counsel announced ready for trial. Counsel for People moved for continuance on the ground that the material witness Gossner was away on vacation outside the county and had not been served with a subpoena. Attorney for petitioner objected to the continuance, asserting it would create a hardship on petitioner since the latter had planned a vacation shortly after June 16th. The court, shortly thereafter, stated its intention to grant a continuance and inquired of petitioner's attorney for a date agreeable to petitioner in view of the latter's anticipated vacation, advising that Officer Gossner would have returned and would be available on June 26, 1960. After conference between petitioner and his attorney the latter suggested the date of July 28 to which counsel for People agreed and the matter was then continued to that date.

Affidavit of Gossner, in addition to stating the facts concerning the offenses allegedly committed by petitioner, stated that affiant informed the deputy district attorney of his intention to leave on vacation in advance thereof, gave him the names of the two witnesses and that he spent from June 10 through June 25 at Yosemite National Park, returning from vacation on June 26. The sworn statements of the witnesses Johnson and Brown relate entirely to the alleged traffic offenses committed by petitioner.

The affidavit of William T. Anderson, counsel for peti-

tioner, states that on June 14, 1960, he was notified of the intended motion for continuance and then advised that he and petitioner would object to any continuance based upon the absence of the deputy sheriff witness. On June 16, 1960, when the case was called in respondent court, petitioner and counsel responded ready for trial and at all times in such proceedings objected to any continuance of the trial date. The court thereupon announced: "I am granting the continuance. Now let's pick a date."

"AFFIANT: Will you note my objection for the record?

"THE COURT: Your objection is noted. What date do you want"? Following discussion between affiant and petitioner, affiant stated: "Would July 28th be alright"?

"THE COURT: . . . Continued to July 28, 1960. . . ."

"AFFIANT: Was my objection noted?

"THE COURT: Yes your objection noted."

The affidavit of petitioner is, in effect, substantially the same as that of his counsel.

From the foregoing it is our conclusion that although in the arraignment proceedings petitioner and his attorney had, in agreeing to a trial date of June 16, 1960, consented to postponement of his trial beyond a period of 30 days from date of his arrest, on June 16, the date of trial, petitioner objected to any continuance and did not consent to any continuance of the trial date to any future date; that the minutes correctly reflect the proceedings had in the trial court and that any consent by petitioner and his counsel to a future date was given only after final ruling by the court, over petitioner's objection, that the motion of the People for a continuance had been granted.

Petitioner alleges that respondent court will proceed to try petitioner on the criminal charges unless prohibited from doing so and that he has no other plain, speedy and adequate remedy in the ordinary course of the law.

Section 1050, Penal Code, provides that criminal cases shall be set for trial, heard and determined at the earliest possible time and shall be given precedence over civil matters. It further provides that no continuance of a criminal trial shall be granted except upon affirmative proof in open court, upon reasonable notice, that the ends of justice require a continuance.

Section 1382 provides in part: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . . 3. When a defendant

in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arrested and brought within the jurisdiction of the court . . . ; except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 30-day period at the request of the defendant or with his consent, express or implied, . . ."

The right to a speedy trial is one which defendant can waive. (*People* v. *Hocking,* 140 Cal.App.2d 778, 780 [296 P.2d 59].) Although consent to delay beyond the 30-day period after defendant is arrested and brought within the jurisdiction of the court does not amount to a waiver of the right to a speedy trial, where a defendant did so consent he is not entitled to go to trial as of right on the day to which he last consented if good cause appeared for further delay. But the further delay must not be unreasonable even though good cause be shown. (*People* v. *Weiss,* 50 Cal.2d 535, 559 [327 P.2d 527] ; *In re Lopez,* 39 Cal.2d 118, 120 [245 P.2d 1].)

Even though defendant is not imprisoned on the charge he is entitled to a speedy trial. (*People* v. *Godlewski,* 22 Cal. 2d 677, 682 [140 P.2d 381].) It is not necessary that defendant affirmatively show prejudice. Prejudice will be presumed from the violation of the constitutional right and if there is any good cause for the delay the burden is upon the prosecution to show it. (*Harris* v. *Municipal Court,* 209 Cal. 55, 64 [285 P. 699].)

If good cause is shown for not trying the defendant within the period prescribed by law, he is not entitled to have his motion for a dismissal granted. What constitutes good cause depends on the circumstances of each case. (*Herrick* v. *Municipal Court,* 151 Cal.App.2d 804, 807 [312 P.2d 264] ; *Muller* v. *Justice's Court,* 129 Cal.App.2d 570 [277 P.2d 866] ; *People* v. *Godlewski, supra,* p. 682.) Good cause has been held to be shown for a reasonable delay in the date of the trial when the court was engaged in the trial of other criminal cases which prevented the defendant's trial from proceeding (*In re Lopez, supra,* p. 120), and where defendant, by his own acts, caused a trial delay beyond the statutory period (*Muller* v. *Justice's Court, supra,* p. 572; *People* v. *Duffy,* 110 Cal.App. 631 [294 P. 496] ). Good cause has been held as not shown where the continuance, over objection, beyond the statutory period was for the convenience of co-defendants (*People* v. *Angelopoulos,* 30 Cal.App.2d 538, 544 [86 P.2d 873] ); or because of a large number of pending civil cases (*Herrick* v. *Municipal Court, supra,* p. 807.)

█ Whether good cause is shown for a continuance of the trial beyond the statutory period based upon the absence from the jurisdiction of the court of a material prosecution witness likewise depends upon the circumstances of each case. In *People* v. *Fegelman*, 66 Cal.App.2d 950 [153 P.2d 436], the deputy district attorney requested that trial of the case be postponed for one day in order that he might obtain evidence to lay a foundation for the admission of the testimony of absent witnesses. No showing was made that the People had used due diligence to obtain the presence of such witnesses. Defendant objected to any such continuance and, upon the case being ordered continued until the following day, defendant moved to dismiss the case on the ground that he had been denied the right to a speedy trial as provided in article I, section 13, of the state Constitution and section 1382 of the Penal Code. It was there held that, the People having failed to show the exercise of due diligence to obtain the presence of the absent witnesses and the court being open and functioning with its business calendar such as would have permitted a trial within the prescribed period, it was mandatory upon the trial court to dismiss the action.

A similar holding is found in *People* v. *Buckley*, 116 Cal. 146, 153 [47 P. 1009], where, over objection of defendant, his trial was continued beyond the statutory period because of an absent prosecution witness. The court held that the statement of the witness that it would be a hardship to require him to go to San Francisco from Sacramento was a poor excuse for continuing the case and that no diligence was shown to procure the attendance of the witness.

█ In the within case the record discloses that Gossner, the arresting officer, notified the deputy district attorney at a time in advance of his intended leaving and further advised him that his vacation would be spent at a national park within the State of California. No effort was made to then subpoena this material witness or, at date of trial, to show by affidavit the materiality of the evidence expected to be obtained from the absent witness or that due diligence had been used to procure it. (Code Civ. Proc., § 595.) Furthermore, the names and addresses of two alleged eyewitnesses to the acts of defendant charged as misdemeanors against him had been timely given to the deputy district attorney and the record is devoid of any showing as to why the trial could not have proceeded with the case of the prosecution being presented through the testimony of these witnesses.

Good cause for a continuance of the date of trial of the petitioner herein not having been shown it became the mandatory duty of the trial court to grant his motion for a dismissal of the case and the refusal to do so constituted an abuse of the court's discretion. (*Harris* v. *Municipal Court, supra,* 209 Cal. 55, 65; *Gutterman* v. *Municipal Court,* 209 Cal. 65 [285 P. 703].)

"A writ of prohibition is an appropriate remedy to arrest the proceedings of a court when there is not a plain, speedy, and adequate remedy in the ordinary course of the law and when the proceedings of the court are without or in excess of its jurisdiction. (Code Civ. Proc., §§ 1102, 1103.)" (*Hagan* v. *Superior Court,* 53 Cal.2d 498, 501 [2 Cal.Rptr. 288, 348 P.2d 896].)

In prohibition matters the phrase "lack of jurisdiction" may be applied to a case where, though the court has jurisdiction over the subject matter and parties in the fundamental sense, it has no "jurisdiction" or power to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites.

Speaking generally, any acts which exceed the defined power of a court in any instance, whether that power be defined by constitutional provision, express statutory declaration, or rules developed by the courts and followed under the doctrine of *stare decisis,* are in excess of jurisdiction insofar as that term is used to indicate that those acts may be restrained by prohibition or annulled on certiorari. (*City & County of San Francisco* v. *Superior Court,* 53 Cal.2d 236, 243, 244 [1 Cal.Rptr. 158, 347 P.2d 294]; *Rescue Army* v. *Municipal Court,* 28 Cal.2d 460, 463, 464 [171 P.2d 8].)

Real parties in interest contend that the remedy by appeal is adequate. They take the position that, even if petitioner is improperly forced to stand trial, he may be acquitted; if he is convicted his right of appeal constitutes a plain, speedy and adequate remedy in due course of the law. Likewise it is contended that petitioner, having heretofore filed a petition for writ of prohibition or mandamus in the superior court, the effect of the denial of that petition requires him to pursue his right of appeal from such order to the exclusion of any right to seek relief in the appellate courts by similar petition.

In support of these contentions real parties in interest rely on *Lambert* v. *Municipal Court,* 174 Cal.App.2d 601 [345

P.2d 98]; *Blumenthal* v. *Municipal Court,* 176 Cal.App.2d 865 [1 Cal.Rptr. 757]; and *Ogden* v. *Board of Trustees,* 74 Cal.App. 159 [239 P. 855]. In these cases, under differing factual circumstances, the appellate court concluded that prohibition should be refused on the basis that a party who has invoked the jurisdiction of the superior court should be required to pursue his remedy of appeal from the order of denial rather than being permitted to file a similar petition for writ in the appellate court as a possible substitute for such an appeal.

The application of this policy to petitioner in the within case may unduly postpone, if not entirely defeat his right to be promptly relieved of the act of the trial court done in excess of its jurisdiction. If he were required to first pursue his appeal from the order of the superior court denying his petition for writ he might well find himself at time of determination of such appeal to have already been unlawfully tried, convicted and sentenced. He would thus be compelled to rely on a second appeal from such judgment. The appellate court might well find that, in the interim, appellant had been convicted in the municipal court and that this judgment was being appealed; that, since the trial on the merits is completed, and appeal is now pending in the superior court, there are no longer any judicial acts pending in the municipal court to prohibit. (See *Lambert* v. *Municipal Court,* 179 Cal.App.2d 682, 683 [3 Cal.Rptr. 895].)

We believe the more equitable rule in such cases is that pointed out by our Supreme Court in *Hagan* v. *Superior Court, supra,* 53 Cal.2d 498, 501-502: ''Such an appeal, however, would raise a question that has already been fully presented and considered at length in this proceeding, and no purpose but delay, to the prejudice of the parties and the courts, would be served by refusing to decide the jurisdictional question at this time.''

The absence of another adequate remedy was determined by this court when we granted an alternative writ. (*City & County of San Francisco* v. *Superior Court, supra,* 53 Cal.2d 236, 243; *City of Los Angeles* v. *Superior Court,* 51 Cal.2d 423, 429 [333 P.2d 745].)

The refusal of the trial court to exercise its mandatory duty to grant petitioner's motion for a dismissal of the complaint filed against him herein was an act in excess of jurisdiction as heretofore defined. The order refusing to dismiss the case was not appealable and to compel petitioner to

submit to an unwarranted trial of the cause and then appeal from the judgment, if adverse to him, would not afford speedy or adequate relief. (*Tomales Bay etc. Corp.* v. *Superior Court,* 35 Cal.2d 389, 392 [217 P.2d 968] ; *Greene* v. *Superior Court,* 37 Cal.2d 307, 310 [231 P.2d 821] ; *Superior Oil Co.* v. *Superior Court,* 6 Cal.2d 113, 119 [56 P.2d 950] ; *Andersen* v. *Superior Court,* 187 Cal. 95, 97 [200 P. 963].)

Let a peremptory writ of prohibition issue restraining the Municipal Court of the El Monte Judicial District and the Honorable R. H. Galceran, Judge thereof, from any further proceedings in the action entitled People of the State of California versus Frank Joseph Caputo, being action Number 321751 in said municipal court, except to vacate the order heretofore made denying the motion of defendant therein to dismiss said action and to enter an order of dismissal.

Fox, P. J., and Ashburn, J., concurred.