[Civ. No. 25977.   Second Dist., Div. Four.   Apr. 26, 1962.]

RAYMOND C. SCHINDLER, JR., Plaintiff and Appellant, v. THE MUNICIPAL COURT FOR THE LOS AN- GELES JUDICIAL DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent.

Thomas M. McGurrin for Plaintiff and Appellant.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Defendant and Respondent.

JEFFERSON, J.—This is an appeal from the denial of a writ of prohibition and from the discharge of an alternative writ of prohibition, sought by appellant to restrain the Municipal Court of Los Angeles County from taking further action in a criminal case.

The facts material to this appeal are as follows: On June 1, 1960, appellant was charged with a violation of section 23102, Vehicle Code, misdemeanor drunk driving. On June 2, he pleaded not guilty, and a jury trial was scheduled for June 14 in division 64 of the Los Angeles Municipal Court located in West Los Angeles. On June 14 in division 64, appellant filed an affidavit of prejudice pursuant to section 170.6 of the Code of Civil Procedure against the judge presiding in that division. Appellant announced he was ready to proceed to trial. The judge directed the clerk to contact division 20, the master calendar criminal division in Los Angeles, to ascertain a date for trial. The judge was advised that July 21 was a satisfactory date, and the case was transferred to division 20 and continued until that date.

When the case was called for trial on July 21, 1960, the

People moved for a continuance over the objection of appellant who advised the court he was ready to proceed to trial. The People urged, as a basis for the motion that a witness, the investigating officer, was on vacation. Respondent takes no issue with appellant's contention that there was no showing of diligence to secure attendance of this witness and that the continuance over objection was without good cause. Appellant moved to dismiss the complaint on several grounds, including the ground that he was being denied his right to a speedy trial. The master calendar judge advised that due to calendar congestion the case would be continued to some date after August 18, 1960.

Whereupon appellant advised the court that his "key" witness would be outside of the jurisdiction of the court until October 3, 1960. The court set the trial date for October 3, 1960, upon the express understanding that this did not constitute a waiver by appellant of the objections made.

After the continuance was granted and the trial date was set the appellant again moved for a dismissal on the ground, among others, that he was denied his right to a speedy trial. The motion was denied.

On October 3 appellant's key witness was still out of town and for that reason he personally waived statutory time for trial and moved for a continuance until November 3, which continuance was granted. The trial of the case was finally commenced on November 3, and due to the inability of the jury to reach a verdict a mistrial was declared. Appellant at that time sought a writ of prohibition in the superior court seeking to restrain the municipal court from proceeding further to try petitioner on the charges against him, which petition was denied. From this denial he appeals to this court.

The first question presented is whether petitioner waived his statutory right to be brought to trial within 30 days pursuant to subdivision 3, section 1382, Penal Code, when the matter was first continued on June 14, 1960.

Section 1382 of the Penal Code (prior to amendment in 1961) in part provided:

"The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: ... 3. When a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arrested and brought within the jurisdiction of the court ... except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 30-day period at

the request of the defendant or with his consent, express or implied. . . ."

On June 14, 1960, appellant was represented by counsel when the judge continued the case beyond the 30-day period to July 21, 1960. The record shows no objection having been made by appellant or his counsel at the time the continuance was ordered, and consent to the continuance is therefore presumed. (*People* v. *Howe,* 1 Cal.App.2d 518, 519 [36 P.2d 820] ; see *Krouse* v. *Justice's Court,* 103 Cal.App.2d 311, 314 [229 P.2d 806].)

We pass now to the consideration of the legal effect of the action of the court on July 21, 1960, in granting the continuance to October 3, 1960, without a showing of good cause. █ The basic rule is stated in *Caputo* v. *Municipal Court,* 184 Cal.App.2d 412, 418 [7 Cal.Rptr. 435] : "Although consent to delay beyond the 30-day period after defendant is arrested and brought within the jurisdiction of the court does not amount to a waiver of the right to a speedy trial, where a defendant did so consent he is not entitled to go to trial as of right on the day to which he last consented if good cause appeared for further delay. But the further delay must not be unreasonable even though good cause be shown. . . . █ It is not necessary that defendant affirmatively show prejudice. Prejudice will be presumed from the violation of the constitutional right and if there is any good cause for the delay the burden is upon the prosecution to show it."

The constitutional provision reads: "In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy and public trial. . . ." (Cal. Const., art. I, § 13.)

█ The continuance having been granted without good cause being shown it was error for the judge of the municipal court not to have granted the motion to dismiss.

It is the position of the respondent that the express waiver by appellant on October 3, 1960, of his right to be tried within the statutory period has the effect of foreclosing him from seeking a dismissal by virtue of subdivision 3 of section 1382 of the Penal Code which states that an action shall not be dismissed thereunder if the setting of the trial beyond the 30-day period be at the request of the defendant or with his consent, express or implied.

█ Respondent acknowledges that *Gregory* v. *Justice Court,* 168 Cal.App.2d 719 [336 P.2d 584], held that the waiver must take place within the statutory period in order

to be effective but seeks to distinguish it from the case at hand since in the *Gregory* case the waiver was only an implied waiver whereas the October 3, 1960, waiver in the case at bar was an express waiver. We see no merit in the distinction. The section itself speaks of "consent, express or implied . . ." and makes no distinction between the two.

In its memorandum decision the superior court declares: "Although the motion of the People on July 21 to continue the cause to October 3 was not supported by any showing of good cause (*Caputo* v. *Municipal Court* (1960) 184 Cal. App.2d 412, 418-419 [7 Cal.Rptr. 435]), the mandatory duty of the trial court to dismiss is not present in our case as in *Caputo* because of the October 3, 1960, motion by defendant to continue the cause to November 3, 1960. He thereby waived his right to a speedy trial. (*People* v. *Hocking* (1956) 140 Cal. App.2d 778, 780 [296 P.2d 59] ; *Caputo* v. *Municipal Court, supra,* p. 418.) See also *People* v. *Session* (1960) 185 Cal.App. 2d 684, 686 [8 Cal.Rptr. 492]. Where part of the delay was for defendant's own convenience, as here, he cannot complain thereof. (*People* v. *Mitman* (1960) 184 Cal.App.2d 685, 689 [7 Cal.Rptr. 712].) He cannot complain of a delay for which he asked. (*People* v. *Scott* (1960) 186 Cal.App.2d 661, 667 [9 Cal.Rptr. 75].)"

The vice with this reasoning is pointed out by the court in the *Caputo* case, *supra,* p. 421: "The refusal of the trial court to exercise its mandatory duty to grant petitioner's motion for a dismissal of the complaint filed against him herein was an act in excess of jurisdiction as heretofore defined. The order refusing to dismiss the case was not appealable and to compel petitioner to submit to an unwarranted trial of the cause and then appeal from the judgment, if adverse to him, would not afford speedy or adequate relief. [Citing cases.]"

A writ of prohibition is an appropriate remedy to arrest the proceedings of a court when there is not a plain, speedy and adequate remedy in the ordinary course of the law and when the proceedings of the court are without or in excess of its jurisdiction. (Code Civ. Proc., §§ 1102, 1103.)

As pointed out in *Caputo* v. *Municipal Court, supra,* 184 Cal.App.2d 412, 420, "In prohibition matters the phrase 'lack of jurisdiction' may be applied to a case where, though the court has jurisdiction over the subject matter and parties in the fundamental sense, it has no 'jurisdiction' or power to act except in a particular manner, or to give certain kinds

of relief, or to act without the occurrence of certain procedural prerequisites.''

In the case at hand the court had a mandatory duty to grant the motion to dismiss which was made on July 21, 1960. The fact that after denial of the motion the appellant at some subsequent date waived statutory time of trial does not have the legal effect of breathing jurisdictional new life into a dead body.

The judgment is reversed with directions to the Superior Court of Los Angeles County to issue the writ of prohibition sought by appellant.

Burke, P. J., and Balthis, J., concurred.