[Crim. No. 3550.   Fourth Dist., Div. One.   July 11, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. CHESTER FREDERICK WATTS III, Defendant and Appellant.

---

Donn H. Goss, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and James H. Kline, Deputy Attorney General, for Plaintiff and Respondent.

WHELAN, J.—Chester Frederick Watts III (defendant) was found guilty by jury of violations of sections 459, Penal Code (burglary) in the second degree, and 470, Penal Code (uttering a forged check). He admitted two prior convictions of violations of section 470, Penal Code. He appeals from a judgment imposing consecutive sentences.

## CONTENTION ON APPEAL

The sole contention is that defendant was denied the right to a speedy trial guaranteed by the federal Constitution and the Constitution of California (art. I, § 13).

## HISTORY OF THE CASE

The offenses with which defendant was charged were a burglarious entry into the building occupied by Marko Company, and the passing of one of two forged checks, the forms for which had been stolen in the burglary. The burglary and the check-passing were done on Saturday, December 23, 1967.

A complaint was filed in the municipal court on January 4, 1968, charging defendant with the burglary, and an arrest warrant issued thereon.

On January 5, 1968, Officer Duvall received information from Sergeant Robinson of the Los Angeles Police Department advising him that the suspect, Chester Watts III, was in custody and awaiting trial on a charge of burglary.

On January 8, 1968, a copy of the warrant was sent to the Los Angeles County jail in which defendant was a prisoner in connection with a matter wholly unrelated to the Orange County offenses, and a hold was placed on defendant.

On June 6, 1968, an amended complaint was filed charging defendant with both offenses committed in Orange County.

On June 27, 1968, a preliminary hearing was conducted and defendant was ordered held to answer on both counts.

The information was filed on July 5, 1968.

Defendant appeared first in the superior court on July 5,

when counsel was appointed to represent him and the matter was continued to July 12 for plea.

On July 12, defendant pleaded not guilty to both counts. The matter was set for trial on August 26, 1968.

The trial commenced on August 26 and concluded on August 27 with the return of verdicts on both counts. Time for pronouncement of judgment was set for August 29, and at the request of defense counsel the hearing of a motion for new trial was set for the same time.

The minutes show that during the arguments to the jury a motion was made by defendant to produce new evidence, which was denied. From statements made by counsel on August 29, referred to hereafter, that motion was to present evidence on the subject of the denial of a speedy trial, then mentioned for the first time.

On August 29, at defendant's request, the matter was continued to August 30.

On August 30, defense counsel stated he moved to dismiss on the ground defendant was denied a speedy trial; and that that point first occurred to him during the prosecution's opening argument to the jury, and that he raised the point as soon as that argument was finished.

Defense counsel then stated that he was not sure of the exact date, but either in the middle of March or the middle of April defendant was convicted of burglary in Los Angeles County and was sentenced to a year in the county jail, where he remained until on May 26 he was brought to Orange County on the charge against him there.

Defendant then testified that he first learned of the pending Orange County charge on May 26; that he was convicted in Los Angeles County between the middle of April and March, and after he was so convicted did not have any other court appearance in Los Angeles; that there had been a preliminary hearing on the Los Angeles charge, but he did not remember the date of that hearing; that he was represented in the Los Angeles matter by the Public Defender of Los Angeles County.

Both the motion to dismiss and the motion for new trial were denied.

### APPLICABLE LAW

Both the federal Constitution (Sixth Amendment) and the Constitution of California (art. I, § 13) guarantee a defendant in a criminal case the right to a speedy trial.

The right under the federal Constitution is enforceable against the states as one of the basic rights preserved by

that Constitution. (*Klopfer* v. *North Carolina,* 386 U.S. 213 [18 L.Ed.2d 1, 87 S.Ct. 988]; *Smith* v. *Hooey* (1969) 393 U.S. 374 [21 L.Ed.2d 607, 89 S.Ct. 575].)

▮ However, the constitutional guaranty of the state Constitution is as coextensive in its operation within California and as demanding upon the courts and law enforcement officials of the state as is that of the federal Constitution.

The federal constitutional guarantee has been declared necessary: ''[t]o prevent undue and oppressive incarceration prior to trial, (2) to minimize anxiety and concern accompanying public accusation, and (3) to limit the possibilities that long delay will impair the ability of an accused to defend himself.'' (*Smith* v. *Hooey,* 393 U.S. 374, 378 [21 L.Ed.2d 607, 611, 89 S.Ct. 575].) ▮ Nor is the right of a defendant imprisoned in another jurisdiction to a speedy trial in the state in which a charge is pending destroyed or diminished because of such imprisonment. (*Smith* v. *Hooey, supra,* 393 U.S. 575, 378-379 [21 L.Ed.2d 607, 611-612].)[1]

There are in California time limits fixed by the Legislature for bringing a criminal case to trial, after the filing of an information, for trial of a misdemeanor after a defendant has been brought within the jurisdiction of the court in which a charge is pending, and for filing an information after the defendant has been held to answer. (Pen. Code, § 1382.) If good cause to the contrary is not shown, the action must be dismissed. (Pen. Code, § 1382, *supra.*) for failure to meet those time limits.

If sufficient reason is shown for a failure to meet those time limits, the action may be continued. (Pen. Code, § 1383.)

There is a special provision governing a defendant who may be serving a sentence in a state prison or who has been committed to an institution subject to the jurisdiction of the Youth Authority. Such a defendant must be brought to trial within 90 days after he has delivered to the district attorney

---

[1] ''[D]elay in bringing such a person to trial on a pending charge may ultimately result in as much oppression as is suffered by one who is jailed without bail upon an untried charge. First, the possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial of the pending charge is postponed. Secondly, under procedures now widely practiced, the duration of his present imprisonment may be increased, and the conditions under which he must serve his sentence greatly worsened, by the pendency of another criminal charge outstanding against him. And while it might be argued that a person already in prison would be less likely than others to be affected by 'anxiety and concern accompanying public accusation' there is reason to believe that an outstanding untried charge (of which even a convict may, of course, be innocent) can have fully as depressive an effect upon a prisoner as upon a person who is at large.''

of the county in which the charge is pending a notice of the place of his imprisonment or commitment and his desire to be brought to trial upon the charge. If that is not done, the charge must be dismissed. (Pen. Code, § 1381.)

Penal Code, section 1381, has to do with defendants sentenced or committed to and present in California state institutions. Section 1381.5 defines the right of a defendant in a federal institution to request the district attorney of the county in which a charge is pending that the defendant be brought to trial; prescribes the duty of the district attorney to inquire of the federal correctional authorities whether and when the defendant may be released for trial, and to bring the defendant to trial within 90 days of a date specified by the federal authorities for the defendant's release for trial on the pending charge.

Penal Code, section 1389, embodies the interstate "Agreement on Detainers" under which a prisoner in a penal institution of a state may make request for a speedy final determination of any pending charge against him in another state. The agreement binds a party state to permit release of a prisoner upon the making of such request for delivery to the state in which a charge is pending and binds the latter state to receive the prisoner and bring him to trial within 180 days of the delivery of such request or to dismiss the charge with prejudice.[2]

■ There is no exact formula for determining when the bounds have been reached beyond which it can be said there has been denial of the right to a speedy trial. The statutory formulations, which may not narrow or circumscribe the constitutional guarantees, must be considered as fixing shorter periods for bringing a case to trial than might be required by the self-executing constitutional provision.

As we have seen, the statutory limitations vary in accordance with differing fact situations.

The spirit in which the statutory limits have been fixed must be respected. Thus the six-month limit under the "Agreement on Detainers" does not make it less necessary to dispose of misdemeanor charges in an expeditious manner as required by section 1382.

■ None of the statutory limits applies to the facts of the case at bench.

The information was filed within 15 days of the preliminary

---

[2]Interstate Agreement on Detainers provides for notice to prisoner of detainer against him.

hearing; the trial commenced within 60 days of the filing of the information.

Defendant was a prisoner within the State of California but not in any of the institutions mentioned in section 1381 [3] or 1381.5. In any event, he made no request to be tried earlier.

In that regard he testified he first learned of the Orange County charges on May 26. We do not consider it essential to our decision to say the trial judge may have disbelieved defendant, which, however, is probable. Such disbelief is the more likely because of defendant's uncertainty as to when he was convicted in Los Angeles, a point on which his attorney should have been prepared by give the court correct information as well as to inform the court when defendant was sentenced in Los Angeles.

Lacking any statutory limits to furnish a guide, we must decide whether the course of events was reasonable in light of the constitutional guarantees.

At the time the original complaint was filed, defendant either was or was soon to be in the Los Angeles County jail on a charge of burglary committed in that county.

Of the possible courses of procedure to be followed, one was for the active prosecution of the Orange County charges to follow the conclusion of the Los Angeles charge, which was done; another, to attempt to carry on both proceedings actively and concurrently.

A third possibility, that the Los Angeles County authorities might permit trial of the Orange County charges to be completed before proceeding actively with the Los Angeles charge, we may reject as improbable.

Defendant places his conviction in Los Angeles as between mid-April and March; it does not appear when sentence was imposed in that matter, but it might well have been as long as three weeks or even longer after the conviction. In the Orange County case, sentence was imposed a full month after the conviction.

Defendant was brought to Orange County on May 26, which, on the face of it, does not appear as an undue delay, if it was reasonable to await the conclusion of the proceedings in Los Angeles.

If the second course had been followed, a number of consid-

[3]Section 1381 was amended after defendant's trial to include a county jail, which is where defendant was confined. (Stats. 1968, ch. 343, § 1, p. 727.)

erations would properly have entered into a decision to do so.

In Los Angeles, a preliminary hearing and necessary appearances in the superior court must have followed. Defendant was represented by the Los Angeles County Public Defender, who, we may assume, could not have represented him in Orange County; he was being prosecuted by the District Attorney of Los Angeles County, who, we are sure, would not prosecute the Orange County charges.

Thus if both prosecutions were actively pursued at the same time, it would have been necessary to correlate the time schedules of four sets of lawyers, two municipal courts and two superior courts.

Since the Los Angeles County proceedings were not pursued within the minimum statutory time limits, there were, no doubt, continuances in that county either of the preliminary hearing, of the superior court trial, or of the pronouncement of judgment, or of all of them.

In Orange County, defendant appeared in the superior court on eight different days, including the day on which he was arraigned and the two days of trial. Since there was a preliminary hearing, he must have appeared in the municipal court on at least two different days. It would not be unreasonable that there were as many appearances in the Los Angeles County proceedings.

The matter of adjusting those numerous appearances to suit the calendars of four sets of lawyers and four different courts no doubt would not have been an insurmountable difficulty. It would, however, present many problems including those arising from circumstances unforeseen when the coordination of dates and places for appearances might first be attempted.

There would also be the difficulty of shuttling the defendant from one county to another, with a transfer of his care from one set of officers to another, which would not be eliminated by the adjacency of the two counties.

We are of opinion that neither the defendant's right to a speedy trial nor due process require any such method of procedure.

It is worth noting that the interstate agreement on detainers providing for a trial within six months of a given event has to do with a speedy trial of a charge pending that has been requested by the defendant. The same agreement provides that if from the state in which that charge is pending (the ''receiving'' state) there are detainers on other charges, all such charges are to be tried before the defendant is re-

turned to custody in the "sending" state. It is not required that such other charges be tried within that six-month period.

We believe that the orderly administration of justice and the defendant's right to a speedy trial are both preserved by the procedure followed in the case at bench, when there is no unreasonable delay between the successive trials in the several counties.

## ALLEGED DENIAL OF RIGHT TO COUNSEL

Defendant correctly argues that the denial of the right to speedy trial may involve an impairment of the ability of an accused to defend himself. (*Smith* v. *Hooey, supra*, 393 U.S. 374.)

Defendant asserts in his brief something not otherwise apparent from the record: that he first had an opportunity to speak with an attorney from the Orange County Public Defender's Office two days after he was brought to Orange County.

During the intervening period, he asserts the police and district attorney in Orange County had full opportunity to prepare their case, an opportunity denied him. To overcome the effect of the fact that he had three months thereafter to prepare for trial, defendant states: "They [the police] reserved to themselves all fresh evidence" and asserts: "The whole need for a speedy trial is to allow defendant right to every memory, to discover evidence, to detect witnesses in his defense and to examine the fresh evidence offered against him."

The Supreme Court of the United States has stated additional considerations to be served by a speedy trial.

It is not necessary that defendant show he has been prejudiced by a denial of a right to a speedy trial. We have determined that the lapsed time intervening between the issuance of the original complaint and defendant's arraignment in the municipal court did not as a matter of law deny defendant his constitutional right. Beyond that we believe he must show particular circumstances that make unreasonable what on the face of it was reasonable. ██ When a motion to dismiss on the grounds asserted herein has been denied by the trial court, it will be presumed that good cause existed for the delay and the burden is on the appellant to show that the court abused its discretion in denying the motion. (*People* v. *Hocking,* 140 Cal.App.2d 778, 782 [296 P.2d 59]; *People* v. *Douglass,* 100 Cal. 1 [34 P. 490]; *People* v. *Coahran,* 104 Cal.App.2d Supp. 861 [231 P.2d 592].)

■ His defense could have been only a denial of the act of entering, or, if entering were admitted, a denial of intent to steal based upon some condition inconsistent with the ability to form a specific intent, or a denial of such intent, or an alibi, or the production of evidence that some other specific person had entered and stolen the check forms.

No suggestion was made in the trial court that any such evidence could ever have been produced.

The record is silent, too, as to when the Orange County authorities had sufficient evidence upon which to issue the amended complaint that was filed on June 6, after defendant was brought to Orange County, and which added a second count charging the passing of the forged check. Clearly, the charge of passing a forged check was brought to trial with all due expedition.

The time between the issuance of the original complaint and the amended complaint was roughly five months. Such a delay could not be consistent with defendant's right to a speedy trial on the burglary charge if he had been in custody in Orange County during all of that period, or had been brought within the jurisdiction of the Orange County court on the original charge within a time that would have permitted his trial within the statutory period prior to the time the amended complaint was filed.

For that reason, we do not, as to the burglary charge, consider the date of the filing of the amended complaint as a reference point in determining whether defendant was denied a speedy trial.

We shall not recite the facts of *Schindler* v. *Municipal Court*, 203 Cal.App.2d 13 [21 Cal.Rptr. 217], for the purpose of distinguishing it except to say that it was decided upon the violation of a statutory provision. In *Rost* v. *Municipal Court*, 184 Cal.App.2d 507 [7 Cal.Rptr. 869, 85 A.L.R.2d 974], the court, finding no statutory coverage of the question, held that an unexplained delay of approximately 140 days between the filing of a misdemeanor complaint and defendant's arrest deprived him in the ''Constitutional sense'' of his right to a speedy trial. In the instant case, the state has met its burden of showing good cause for the delay in bringing defendant to trial, and defendant has failed to show how he was prejudiced if in fact he was not informed of the pending charges for 138 days.

*Zimmerman* v. *Superior Court*, 248 Cal.App.2d 56 [56 Cal. Rptr. 226], dealt with the denial of the right to a speedy trial

of a prisoner in another state jurisdiction who made repeated requests to be brought to trial in California.[4]

None of the cases presented by defendant deals with a situation in which a defendant is at one time about to be subjected to the full course of a felony prosecution in each of two counties in the same state.

Defendant has not been denied his right to a speedy trial, to due process, or to counsel under either the federal Constitution or the California Constitution.

In rejecting his conclusions, we commend counsel for defendant for the clear, vigorous and vivid style with which he has phrased them.

Judgment affirmed.

Coughlin, Acting P. J., and Ault, J. pro tem.,* concurred.

---

[4]For cases holding that long delays in bringing a case to trial for one good reason or another, and including the refiling of felony complaints, have not denied the right to a speedy trial, see *People* v. *Godlewski,* 22 Cal.2d 677, 682-683 [140 P.2d 381]; *People* v. *Hernandez,* 250 Cal.App.2d 842, 849 [58 Cal.Rptr. 835]; *People* v. *Erb,* 235 Cal.App.2d 650, 653 [45 Cal.Rptr. 503]; and *Osmulski* v. *Superior Court,* 169 Cal.App.2d 444 [337 P.2d 520].

*Assigned by the Chairman of the Judicial Council.