Opinion
 

 FRAMPTON, J.
 
 *
 

 was arraigned on May 12, 1969, in the Municipal Court of the Pasadena Judicial District upon a complaint charging six misdemeanor violations. He entered a plea of not guilty as to all counts, and trial was set for June 4, 1969. On May 14, 1969, he was released on bail and has remained at liberty on bail since that time.
 

 On May 27, 1969, on motion of the respondent, the cause was continued for trial until July 9, 1969. On June 11, 1969, respondent noticed a motion to be heard June 16, 1969, for change of venue. This motion was denied on June 19, 1969, after hearing.
 

 On June 16, 1969, at the time of the hearing on the motion for change of venue, the People, without notice, moved to continue the trial to August 20, 1969. This motion was opposed by respondent. The motion to continue was granted and the cause was continued for trial, over respondent’s objections to August 20, 1969. No witnesses were called or affidavits filed in support of the motion to continue. The motion was granted apparently upon an oral statement made in open court by the deputy district attorney in charge of the prosecution of the case.
 

 On August 4, 1969, respondent noticed a motion to dismiss the action pursuant to section 1382 of the Penal Code. This motion was heard on August 7, 1969, and was denied on August 13, 1969.
 

 The minutes of August 13, 1969, reflect the following as good cause for the court’s denial of the motion to dismiss: “The Court finds that the prosecution represented to the Court that many of the People’s witnesses are comprised of school personnel, some of whom would be out of the State on July 9 or would be engaged in teaching summer school; that August 20 was the earliest date which the matter could be set to assure the attendance of these
 
 *1161
 
 witnesses and which would permit the matter to be tried prior to the commencement of the Fall term; and that defendant did not then and has not since shown any prejudice to his case by the granting of the continuance.
 

 “Therefore, the matter remains set for Jury Trial on August 20, 1969.”
 

 On August 18, 1969, respondent moved to continue the trial date to October 1, 1969, for the purpose of seeking a review of the order denying the motion to dismiss. On September 8, 1969, respondent petitioned the superior court for writ of prohibition to restrain the trial court from proceeding with the trial of the criminal action. The alternative writ was issued and, upon hearing, judgment was rendered granting a peremptory writ of prohibition restraining the trial court from proceeding further in the action. Real party in interest appeals from the judgment.
 

 The sole issue on appeal is whether there was a sufficient showing of good cause to support the order continuing the trial date, over respondent’s objection, beyond the time limit, in misdemeanor cases, as provided by section 13 82 of the Penal Code.
 
 [1]
 

 As heretofore pointed out, the People, without notice or affidavit in support of the motion, moved on June 16, 1969, over respondent’s objection, to postpone the trial until August 20, 1969, on the grounds orally stated to the court, and the court granted the motion.
 

 The trial date had been postponed from June 4, 1969, to July 9, 1969, on motion of respondent. He was entitled, therefore, to go to trial on July 9, 1969, or on a date not later than July 19, 1969. The trial date was set, over respondent’s objection, 32 days beyond the statutory limit. Respondent protected his right to a speedy trial by objecting to the continuance, and by
 
 *1162
 
 his motion to dismiss the action prior to trial.
 
 (People
 
 v.
 
 Wilson,
 
 60 Cal.2d 139, 147 [32 Cal.Rptr. 44, 383 P.2d 452].)
 

 In cases of misdemeanor, the denial of a speedy trial is deemed to be prejudicial in view of the provision in Penal Code section 1387 that an order of dismissal under section 1382 is a bar to any other prosecution for the same offense if it is a misdemeanor.
 
 (In re Smiley,
 
 66 Cal.2d 606, 632 [58 Cal.Rptr. 579, 427 P.2d 179];
 
 Harris
 
 v.
 
 Municipal Court,
 
 209 Cal. 55, 64 [285 P. 699];
 
 Kehlor
 
 V.
 
 Municipal Court,
 
 116 Cal.App.2d 845, 849 [254 P.2d 897].) The trial court’s finding on ruling on the motion to dismiss “that defendant did not then and has not since shown any prejudice to his case by the granting of the continuance,” erroneously assumes that the burden rested upon respondent to establish prejudice beyond the fact that the prosecution has been unreasonably delayed.
 
 (Kehlor
 
 v.
 
 Municipal Court, supra,
 
 p. 849.)
 

 The People urge that good cause for the continuance was shown. We do not agree.
 

 On June 16, 1969, when the motion to continue was made, there is no showing that any of the state’s witnesses were beyond the jurisdiction of the court. There is no showing that the district attorney had made any effort to locate and subpoena any of his witnesses. The inference to be drawn from the trial court’s finding made at the time of the denial of the motion to dismiss, and upon which the court predicated its finding of good cause shown for the continuance, is that the prosecutor believed that as of the date of trial then set (July 9, 1969), some of his witnesses, all of whom were employees of a school district, would be out of the state during their summer vacation, and some would accept teaching assignments in summer schools. The postponement of the trial beyond the statutory period, over respondent’s objection, for the sole purpose of serving the convenience of the prosecution witnesses, may not defeat the respondent’s constitutional right to a speedy trial. (Cf. Cal. Const., art. I, § 13.)
 

 In order to show good cause for the continuance it was the duty of the deputy district attorney to show due diligence in attempting to subpoena his witnesses and his inability to do so because of their absence from the state, or for other good reason.
 
 (Caputo
 
 v.
 
 Municipal Court,
 
 184 Cal.App.2d 412, 419 [7 Cal.Rptr. 435];
 
 People
 
 v.
 
 Fegelman,
 
 66 Cal.App.2d 950, 952 [153 P.2d 436];
 
 Schindler
 
 v.
 
 Municipal Court,
 
 203 Cal.App.2d 13, 15-16 [21 Cal.Rptr. 217].) The failure to attempt to secure the presence of a wit
 
 *1163
 
 ness for whom a continuance is sought indicates a lack of due diligence.
 
 (People v. Peters,
 
 191 Cal.App.2d 581, 586 [12 Cal.Rptr. 745].)
 

 The cases cited and relied upon for reversal of the judgment are distinguishable upon their facts from the facts in the instant case.
 

 The judgment is affirmed.
 

 Jefferson, Acting P. J., and Kingsley, J., concurred.
 

 *
 

 Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.
 

 [1]
 

 Section 1382, Penal Code, reads in pertinent part as follows: “The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . .
 

 “3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arraigned if he is in custody at the time of arraignment, or in all other cases, within 45 days after his arraignment. . . .”
 

 The minutes of the trial court disclose that the complaint was filed on May 9, 1969, and that respondent was not in custody at that time. Warrant was issued for his arrest. Bail was set at $2,000 plus penalty assessment of $500. On May 12, 1969, respondent appeared with counsel and surrendered, the warrant of arrest was recalled and respondent was arraigned upon the complaint. Bail was reduced on motion of respondent and he was released on bail on May 14, 1969. It appears from the foregoing that respondent was in custody at the time of his arraignment and was, therefore, entitled to be brought to trial within 30 days from May 12, 1969, the date of his arraignment unless the trial date was postponed beyond that date at respondent’s request or with his consent in which event he was entitled to be tried on the postponed date or within 10 days thereafter. (Pen. Code, § 1382.)