[Civ. No. 45262. First Dist., Div. Three. Nov. 3, 1978.]

ANTHONY AYERS, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

James C. Hooley, Public Defender, and Susan F. Sawyer, Assistant Public Defender, for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and David D. Salmon, Deputy Attorneys General, for Respondent and for Real Party in Interest.

OPINION

**WHITE, P. J.**— ■ This petition for writ of mandate presents the question of what constitutes "good cause" for delay beyond the 60-day speedy trial limit of Penal Code, section 1382, subdivision 2. The trial court denied a motion to dismiss because it found "good cause" existed for a delay of 29 days beyond the statutory deadline.

The matter in which the trial was continued arises from the same acts as caused revocation of petitioner's probation. The People note that trial was continued because of pending Mentally Disordered Sex Offender (MDSO) proceedings in the revocation action and because the prosecution suggested it might dismiss criminal proceedings if the outcome in the revocation action satisfied its objectives.

We do not doubt that the prosecution had tactical reasons for delaying trial to await the results of MDSO and sentencing proceedings in another matter, or that the burden on the superior court might have been lessened by the dismissal which might have resulted from the prosecution's tactics. However, for a defendant who has not waived time, such considerations do not constitute good cause for a delay in trial. They are no stronger than the reason rejected in *Pickett* v. *Municipal Court* (1970) 12 Cal.App.3d 1158 [91 Cal.Rptr. 315], where the prosecution sought a continuance to further the convenience of prosecution witnesses, some of whom would be out of state during summer vacation.

We are of the opinion that issuance of the alternative writ would only cause unnecessary delay in the dismissal of this action. We therefore issue the peremptory writ in the first instance. (Code Civ. Proc., § 1088.)

Let peremptory writ of mandate issue directing the Alameda County Superior Court to vacate its order of October 12, 1978 denying petitioner's motion to dismiss and to enter an order dismissing action No. 66800.

Scott, J., and Halvonik, J., concurred.