[Civ. No. 18528. Third Dist. Nov. 13, 1979.]

THE PEOPLE, Petitioner, v.
THE MUNICIPAL COURT FOR THE SACRAMENTO
JUDICIAL DISTRICT OF SACRAMENTO COUNTY, Respondent;
VERNAL A. HENRY, Real Party in Interest.

**COUNSEL**

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Charles P. Just and Charles J. James, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Kenneth M. Wells, Public Defender, and Richard G. Fathy, Deputy Public Defender, for Real Party in Interest.

OPINION

**PARAS, J.**—Real party in interest Vernal Henry is charged in municipal court with nine counts of misdemeanor vandalism. Among his pretrial motions was one to recuse the Sacramento County District Attorney's office. Henry argued that recusal was necessary because a deputy district attorney was the victim of a similar incident and a possible trial witness, and because a former deputy district attorney was also listed as a vandalism victim in the police investigation reports. Neither the present nor the former deputy was a named victim in any count of the complaint.

Henry's motion to recuse was denied by the municipal court. He petitioned the superior court for a writ of mandate, contending that the motion should have been granted because under the circumstances the prosecution's office could not be impartial or maintain the appearance of impartiality. The superior court issued the writ and ordered the municipal court to vacate its denial of the motion. The People then petitioned this court for an order staying the trial and for a writ of prohibition and/or mandate to restrain the municipal court from complying with the superior court's order.

We stayed further proceedings in the municipal court and issued an alternative writ of prohibition, thus resolving the question of applicability of the writ procedure to this dispute. (See *Caputo v. Municipal Court* (1960) 184 Cal.App.2d 412, 421 [7 Cal.Rptr. 435]; *City of Los Angeles v. Superior Court* (1959) 51 Cal.2d 423, 429 [333 P.2d 745].) Henry's contention that appeal is the sole appropriate remedy to the People is thus no longer viable, and we turn to the merits of the municipal court's recusal ruling.[1]

---

[1] In a supplemental brief filed by leave of the court, Henry cites the California Supreme Court's recent decision in *People v. Superior Court (Stanley)* (1979) 24 Cal.3d 622 [156 Cal.Rptr. 626, 596 P.2d 691], for the further contention that the People may not obtain review of the trial court's ruling in this case. In *Stanley,* the court considered a mandamus petition to vacate a trial court order granting a defense motion for change of venue. The holding is that the venue statute (Pen. Code, § 1033), does not permit the People to obtain review by writ and the creation of a special remedy for such rulings is unwarranted. *Stanley* is thus confined to questions of venue and has no application to the present case in which the question is one of recusal and review was originally instituted by the defendant.

■ Recusal is a matter of discretion. It is appropriate when a defendant shows the district attorney's prosecutorial zeal is affected by factors extraneous to objective and impartial consideration of the case. (*People* v. *Superior Court (Greer)* (1977) 19 Cal.3d 255, 258, 267 [137 Cal.Rptr. 476, 561 P.2d 1164].) The prosecutor must be free from personal or emotional involvement which might bias or appear to bias his judgment. (*Id.*, at p. 267.) ■ In two independent tire slashing (or similar) incidents involving vehicles belonging to deputy district attorneys not actively engaged in the prosecution of the case, the municipal court saw no such personal or emotional involvement as to give rise to the presence or appearance of bias. Nor do we. Recusal in these circumstances is not reasonably required to insure the integrity of the fact-finding process, the fairness or appearance of fairness of trial, the orderly or efficient administration of justice, or public trust and confidence in the criminal justice system. (*People* ex rel. *Younger* v. *Superior Court* (1978) 86 Cal.App.3d 180, 186 [150 Cal.Rptr. 156].) On the contrary, public trust and confidence would be underminded seriously by recusal of a prosecutor in such a case.

There being no other legal impediment to the use of a deputy witness at trial (*id.*, at p. 194), the municipal court's denial of the motion was not an abuse of discretion. The petition is granted. A peremptory writ shall issue restraining the municipal court from enforcing the superior court's writ and directing it to reinstate its denial of the recusal motion.

Puglia, P. J., and Regan, J., concurred.

The petition of real party in interest for a hearing by the Supreme Court was denied January 8, 1980.