[Civ. No. 46240. Second Dist., Div. One. June 9, 1975.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF VENTURA COUNTY, Respondent;
MICHAEL LERMA, Real Party in Interest.

**COUNSEL**

Evelle J. Younger, Attorney General, C. Stanley Trom, District Attorney, and Louis Samonsky, Jr., Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Richard E. Erwin, Public Defender, for Real Party in Interest.

**OPINION**

LILLIE, J.—On February 19, 1975, Michael Lerma was charged with two counts of burglary (§ 459, Pen. Code) and assault with a deadly weapon (§ 245, Pen. Code); also alleged were two prior misdemeanor convictions (petty theft) and one prior felony conviction (receiving stolen property). The court appointed the public defender (Deputy Donald Griffin) to represent defendant; defendant entered pleas of not guilty and denials to the alleged priors; and the cause was set for a jury trial on April 14, 1975 (7 days before the expiration of the 60-day statutory period [§ 1382, Pen. Code]).

On April 14, 1975, the case was called for trial; the People answered ready, but a courtroom was not available for trial, and a deputy public defender (Paul Clinton) answering for defendant advised the court that the deputy (Griffin) who represented defendant was not ready because he was answering ready for trial in another court in another case involving another defendant also in custody and was seeking priority therefor. The judge trailed the case to April 15, 1975, on which day the cause was called for trial; the People answered ready but Griffin, the deputy public defender representing defendant, was not ready to proceed because he was in another court and had already been assigned to trial in the other case which was expected to take four to six weeks to try. The judge inquired of Clinton if the public defender (Richard

Erwin) could reassign defendant's case to another deputy, and trailed the cause to April 18, 1975, pending an answer.

On April 18, 1975, the case was called; the People answered ready for trial; Deputy Public Defender Kenneth Cleaver appeared for defendant but advised the court the case could not be reassigned because no other deputy was available and further, that the deputy (Griffin) originally representing defendant had taken ill, was suffering from a whiplash of the neck and taking medication, had arranged a continuance of his priority case for two weeks and had indicated a willingness to waive time in defendant's (Lerma) case; defendant refused to waive time past the 60-day period. Thus this cause was assigned to a trial department to trail the priority case which would start two weeks hence.

On April 21, 1975 (61st day), pursuant to stipulation of the parties the cause was returned to the master calendar (Judge Heaton) for further proceedings. The People again answered ready for trial; Deputy Public Defender Paul Clinton advised the court that Deputy Griffin was still ill and unable to go to trial. There followed a conference in chambers; Deputy Clinton told the court that he desired to waive time so the cause could trail because in his opinion if it was dismissed and the People refiled, defendant may be held in custody for 90 days before coming to trial and that he had advised defendant to waive time but defendant refused to do so. The cause trailed to April 23, 1975, for further discussion.

On April 23, 1975 (63d day), the People answered ready for trial, but on the motion of Deputy Clinton to dismiss the action pursuant to section 1382, Penal Code, (over the People's objection) Judge Heaton dismissed the case. He gave no reason for granting the motion.

On May 1, 1975, the People filed petition for writ of mandamus to compel the Ventura Superior Court to vacate the April 23, 1975, order dismissing the case, and we issued an alternative writ.

█ Section 1382, Penal Code, as it applies herein provides that the court, unless good cause to the contrary is shown, must order the action to be dismissed when the defendant is not brought to trial within 60 days after the filing of the information. █ The right to a speedy trial is a fundamental right secured by the Sixth Amendment to the federal Constitution and is made applicable to the states by the Fourteenth Amendment; article I, section 13 of the California Constitution indepen-

dently guarantees the right to a speedy trial. Section 1382, subdivision 2, Penal Code implements the foregoing constitutional guarantees; and a dismissal is mandated in those situations covered by the statute if at the time a defendant moves therein the 60-day period has elapsed and good cause for delay is not shown by the prosecution. (*Sykes* v. *Superior Court,* 9 Cal.3d 83, 88-89 [106 Cal.Rptr. 786, 507 P.2d 90]; *Jones* v. *Superior Court,* 3 Cal.3d 734, 738 [91 Cal.Rptr. 578, 478 P.2d 10].) ■■■ Thus, there appears to be no absolute right of a defendant to be tried within the 60-day statutory period if the delay is not unreasonable and good cause is shown for not bringing defendant to trial within that time. (*In re Lopez,* 39 Cal.2d 118, 120 [245 P.2d 1]; *People* v. *McFarland,* 209 Cal.App.2d 772, 776 [26 Cal.Rptr. 596].)

■■ What constitutes good cause for delay "depends on the circumstances of each case bearing on the factors of good cause and the reasonable exercise of discretion in allowing postponements." (*In re Lopez,* 39 Cal.2d 118, 120 [245 P.2d 1]), and is a matter within the discretion of the trial court. Its determination in the premises, absent a showing of any abuse of that discretion will not be disturbed on appeal. (*People* v. *McFarland,* 209 Cal.App.2d 772, 776-777 [26 Cal.Rptr. 596]; *People* v. *Yniquez,* 42 Cal.App.3d Supp. 13, 17 [116 Cal.Rptr. 626].) We are mindful that an appellate court may not merely substitute its own view as to the proper decision for that of the trial judge and, in a case such as this, the mere fact that the trial judge would have been fully justified in denying the motion is not sufficient to warrant a reversal; but a reversal is in order if it appears the trial court abused its discretion. ". . . all exercises of legal discretion must be grounded in reasoned judgment and guided by legal principles and policies appropriate to the particular matter at issue." (*People* v. *Russel,* 69 Cal.2d 187, 195 [70 Cal.Rptr. 210, 443 P.2d 794].)

We have found virtually no cases holding a trial court's dismissal under section 1382, Penal Code, to be error. *People* v. *Yniquez,* 42 Cal.App.3d Supp. 13 [116 Cal.Rptr. 626] decided by the appellate department of the superior court is a rare example of such a determination, but the situation is quite unlike the instant one. Therein 35 misdemeanor cases were dismissed by the municipal court on motions of defendants under Penal Code section 1382, subdivision 3, because of a congested court calendar. The court held that the dismissals constituted an abuse of discretion on the ground that under the circumstances, the congested condition of the court's calendar constituted good cause for

delay, and reversed the orders (p. Supp. 18). However, the opinion is of interest on the issue of what constitutes abuse of the trial court's discretion.

■ The factual situation in the case at bench is unique. When the cause was first called for trial two circumstances existed that prevented the trial from going forward: (1) no courtroom was available and, (2) Griffin, the deputy public defender representing defendant, was not ready because he was in another courtroom engaged in another case for another defendant and asking priority for that trial. The unavailability of a courtroom is a minor circumstance of no significance in this case because it occurred only once and that was on the 53d day; there is no indication that thereafter had the deputy public defender been ready the trial could not have been heard by the court. The public defender appearing herein for defendant as the real party in interest asserts that at no time was a court available for the trial; but the record does not disclose this and the minute orders are silent in this regard, thus we assume that the cause could have been heard had the deputy been ready for trial—particularly when because of Griffin's illness his other case was continued for two weeks. But the inability of Griffin to try the case because he was defending another defendant in another case was not a "one-time" circumstance; his inability persisted, thereafter compounded by his illness which not only caused his absence from the other trial but compelled its continuance for two weeks. Thereafter the public defender was unable to reassign defendant's case to another deputy claiming no other deputy was available (in this connection we note that no less than two other deputies appeared for defendant during these proceedings). Every time the cause was called for trial the People answered ready; not once was defendant's counsel ready to go to trial. On April 18 (58th day) a warning was voiced by defendant, who no doubt by virtue of his prior criminal experience appears to have been wise in courtroom tactics, that he would refuse to waive time although for practical considerations the deputy public defender indicated his willingness to waive time and so advised defendant; defendant personally indicated he would refuse to waive. On the 63d day (April 23) the People answered ready and the public defender still not ready to go to trial, over the People's objection moved for a dismissal.

No reason for his decision to grant defendant's motion to dismiss was given by Judge Heaton. Inasmuch as a delay must be justified on grounds of reasonableness and good cause (*In re Lopez,* 39 Cal.2d 118, 121 [245 P.2d 1]), the ruling carries the implied findings that there existed

no good cause for delaying the trial after the 60-day period and that such delay in trying defendant was unreasonable.

None of the reasons for delay in the trial are attributable to the People who at all times were ready, willing, and able to proceed; none are attributable to the condition of the court's calendar; none are attributable to the absence of a witness or lack of preparation. On each occasion the case was called for trial the delay was caused by the undisputed fact that the public defender was not ready for trial for a variety of stated reasons, none of which can we conclude, in the context of the circumstances here, justified the resulting order of dismissal. Thus our view focuses on the legal principles and policies to be considered in determining whether the trial judge abused his discretion. The public defender's response to the issue is threefold—there is an "adequate remedy at law" in that petitioner may either appeal or rearrest defendant and refile against him; the district attorney is trying "to show the Superior Court that he runs the courts in Ventura County;" and the dismissal was a proper exercise of the trial court's discretion.

The paucity of cases arising out of orders of dismissal based on a granting of the defendant's motion to dismiss under section 1382, Penal Code, compels our consideration of what the courts have held constitutes reasonable and good cause for delay in those cases in which defendant's motion to dismiss has been denied. Good cause for a reasonable delay in the trial of a cause within the meaning of section 1382 has been held to be shown in a variety of circumstances—when defense counsel has been engaged in another trial or has requested additional time in which to prepare for trial (*People* v. *Powell,* 40 Cal.App.3d 107, 145-153 [115 Cal.Rptr. 109]; *People* v. *Lynch,* 14 Cal.App.3d 602, 610 [92 Cal.Rptr. 411]; *People* v. *Snyder,* 276 Cal.App.2d 520, 524 [80 Cal.Rptr. 822]; *People* v. *McFarland,* 209 Cal.App.2d 772, 777 [26 Cal.Rptr. 596]; *People* v. *Santos,* 134 Cal.App. 736, 744 [26 P.2d 522]; *People* v. *Clayton,* 89 Cal.App. 405, 408 [264 P. 1105]); when no court has been available (*People* v. *Weiss,* 50 Cal.2d 535, 559 [327 P.2d 527]; *In re Lopez,* 39 Cal.2d 118, 120 [245 P.2d 1]; *People* v. *Bryant,* 5 Cal.App.3d 563, 571 [85 Cal.Rptr. 388]; *People* v. *Yniquez,* 42 Cal.App.3d Supp. 13, 19 [116 Cal.Rptr. 626]); when the charge was a serious one (*Penney* v. *Superior Court,* 28 Cal.App.3d 941, 954 [105 Cal.Rptr. 162]); when prosecution witness has been unavailable through no lack of prosecutorial diligence (*Pickett* v. *Municipal Court,* 12 Cal.App.3d 1158, 1162-1163 [91 Cal.Rptr. 315]; *People* v. *Bracamonte,* 253 Cal.App.2d 980, 983-984 [61 Cal.Rptr.

830]); or when multiple defendants have been granted separate trials (*People* v. *Chapman,* 261 Cal.App.2d 149, 158-159 [67 Cal.Rptr. 601]).

Thus it appears that any one of the following, each of which in turn delayed the instant trial—the deputy's illness, the deputy's unavailability because he was engaged in another trial in which defendant was in custody, and the unavailability of another deputy to try the cause—constituted good cause for not trying the defendant within the time prescribed by law, the existence of which compels our conclusion that the trial court's action in a case as serious as this[1] and in which the district attorney at all times was ready to proceed, was not grounded on a reasoned consideration of the circumstances and the criteria found in case law. The fact that defendant refused to waive the 60-day period is not significant where good cause for delay is apparent on the face of the record. "If good cause is shown for not trying the defendant within the period prescribed by law, he is not entitled to have his motion for a dismissal granted." (*Caputo* v. *Municipal Court,* 184 Cal.App.2d 412, 418 [7 Cal.Rptr. 435].) When the court exercises its dismissal power under section 1382, Penal Code, it must justify its action under the principles discussed above. In brief, discretion is abused when " ' "the court exceeds the bounds of reason, all of the circumstances before it being considered." ' [Citations.]" (*People* v. *Cavanaugh,* 69 Cal.2d 262, 271 [70 Cal.Rptr. 438, 444 P.2d 110]; *People* v. *Orin,* 13 Cal.3d 937, 950 [120 Cal.Rptr. 65, 533 P.2d 193] [dismissal under § 1385, Pen. Code]). We are unable to conclude that under the present circumstances the court's action was based upon a proper exercise of its discretion.

The alternative writ heretofore issued is discharged. Let the peremptory writ of mandate issue.

Wood, P. J., and Thompson, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied August 6, 1975. Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.

---

[1]Involved are two counts of burglary of the home of Angel Torres, and assault of Torres, who caught defendant in the act of burglarizing his home, with a 12-inch dagger with which he was stabbed several times; and two prior misdemeanor convictions and one prior felony conviction.