Opinion
ROTHMAN, J.
Defendant was charged with an act of prostitution, and was released on bail. At arraignment the defendant appeared in propria persona, and the case was set for trial on October 29, 1980, the 35th day after arraignment. On the day of trial the case was assigned to a trial court where it trailed for several days. (Since the 45th day fell on Nov. 8, a Saturday, the statutory last day for trial under Pen. Code, § 1382 was Nov. 10, 1980, the following Monday.)
On November 6, 1980, the judge before whom the matter was trailing transferred the case back to the master calendar court since the trial judge was engaged in trial on another case. In the master calendar court (division 40) the case trailed to November 10, which the master calendar judge found to be the last day. He then sent the case out to another trial court. That judge returned the case to the master calendar.[1]
The master calendar court transferred the case at 2:20 p.m. to the presiding judge of the municipal court in division 1, who ordered the case transferred to division 12, Judge Hindin’s court. Defendant then filed an affidavit of prejudice against Judge Hindin under Code of Civil Procedure section 170.6, whereupon the matter was transferred to Judge Newman in division 2 after 3 p.m. It appears that the instant case was transferred to division 2 along with another criminal case in which an af *Supp. 10 fidavit of prejudice had also been filed against Judge Hindin. The record on appeal contains the proceedings in both cases in division 2. Judge Newman granted the People’s motion to continue both cases for one court day to November 12, 1980 (Nov. 11, being a holiday). The motion in the companion case (People v. Pruitt) was granted at 4 p.m., and in the instant case at 4:45 p.m. In continuing this case for one day, the court found good cause because of the exercise of “a 170.6 affidavit against Judge Hindin, and the fact that there are no jurors available.” We must, of course, accept on appeal the trial court’s factual determination herein that because of the lateness of the hour (4:45 p.m.) there were no jurors then available.
On November 12, 1980, the case was called in the master calendar court, where Judge Newman had transferred it, and there Judge Younger granted the defendant’s motion to dismiss under Penal Code section 1382. In spite of Judge Newman’s ruling, Judge Younger erroneously concluded that “only when the court is able to make a finding that all judges of the court are engaged in the hearing of criminal matters” would a continuance be proper.
Penal Code section 1382 requires the dismissal of a case unless it is brought to trial within the time periods set out therein, unless there is “good cause” for denial.
“What constitutes good cause for the delay of a criminal trial is a matter that lies within the discretion of the trial court. [Citations omitted.] In reviewing trial courts’ exercise of that discretion, the appellate courts have evolved certain general principles. The courts agree, for example, that delay caused by the conduct of the defendant constitutes good cause to deny his motion to dismiss. Delay for defendant’s benefit also constitutes good cause.” (People v. Johnson (1980) 26 Cal.3d 557, 570 [162 Cal.Rptr. 431, 606 P.2d 738].)
Thus, only when the alleged cause for the delay is court congestion does the question of the availability of other judges engaged in the trial of civil cases come into play. (See People v. Yniquez (1974) 42 Cal.App.3d Supp. 13 [116 Cal.Rptr. 626].)
Although we are cited to no published opinion directly on point,[2] it is obvious that where the delay is the result of the filing late in the day of *Supp. 11 an affidavit under Code of Civil Procedure section 170.6 against one of the few judges available, and the court is then confronted with the problem of finding another trial court and a jury, there exists good cause for the delay and good cause to deny the motion to dismiss. Although improper court administration is not good cause for a delay (Herrick v. Municipal Court (1957) 151 Cal.App.2d 804, 810 [312 P.2d 264]), the record before us does not show that the cause was improper court administration.
The efforts of the municipal court here to find a “home” for this case on the last day indicates attentiveness to the defendant’s speedy trial rights, and a remarkable ability to find a trial judge under the strain of staggering case loads.
The order of dismissal is reversed and the cause remanded for trial.
Foster, Acting P. J., and Jones, J., concurred.

 The reason the case was returned by this particular judge was that he recalculated the last day to be December 8, rather than November 10. He did this on the belief that a bench warrant was issued during the day of November 8, after the defendant had appeared and left the court. Since Judge Younger in the master calendar, where the bench warrant was issued, concluded and ruled that November 10, was the last day, we must assume that he made that ruling on the theory that the warrant was not justified under all the circumstances before him. This conclusion is confirmed by a conversation between Judges Newman and Younger, put on the record by Judge Newman, that Judge Younger found that the defendant may have left the court on November 8, through a misunderstanding.

 People v. Rutkowsky (1975) 53 Cal.App.3d 1069, 1072 [126 Cal.Rptr. 104], deals with a delay beyond the statutory time due to an affidavit of prejudice. However, the *Supp. 11 court’s holding was narrowed to the failure to show prejudice, a necessary showing where an accused in a felony goes to trial and does not seek pretrial relief for the alleged violation of speedy trial rights.