[No. B009870. Second Dist., Div. Seven. June 19, 1985.]

LUIS RAUL GOMEZ, Petitioner, v.
THE MUNICIPAL COURT FOR THE SANTA MONICA JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE et al., Real Parties in Interest.

**COUNSEL**

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Marcia Hollander and Albert J. Menaster, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Robert M. Myers, City Attorney, Stephen S. Stark, Assistant City Attorney, Rhonda Saunders and James H. O'Donnell, Deputy City Attorneys, for Real Parties in Interest.

Opinion

JOHNSON, J.—This matter arises from a petition for writ of mandate challenging the denial by the trial court of petitioner's motion to dismiss the complaint for violation of his right to a speedy trial. The central issue on appeal is whether good cause existed in failing to bring the petitioner to trial before the speedy trial statutory deadline because his counsel was unable to proceed with the trial due to another trial commitment. Because we find good cause lacking, we grant the petition.

I. Statements and Proceedings Below

On April 13, 1984, a complaint was filed alleging the petitioner violated Health and Safety Code section 11550 subdivision (b)—being under the influence of a controlled substance, phencyclidine (PCP), a misdemeanor.

On that same day, the defendant was arraigned. He had been in custody. He entered a plea of not guilty, a public defender was appointed for him, and he was released on his own recognizance.

After having been continued several times, the matter was set for trial on May 14, 1984. This date was the 30th day from the petitioner's arraignment. Thus, this was the last day on which the trial court commence without violating the petitioner's right to a speedy trial set forth in Penal Code section 1382.[1] There had been no time waivers. The public defender, however, was not prepared to proceed with this matter since she had commenced trial in another matter on May 11, 1984. She estimated that trial would take approximately two weeks. Counsel informed the court she would be ready to try the Gomez case if it were not for her engagement in this other case. The petitioner stated he would not waive time but wanted his speedy trial. He therefore asked the court to appoint another attorney for him.

The petitioner's attorney argued the trial court was required to relieve her and appoint another attorney to ensure the petitioner's speedy trial rights were not violated. Counsel cited *People* v. *Johnson* (1980) 26 Cal.3d 557 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255] and *Rhinehart* v. *Municipal Court* (1984) 35 Cal.3d 772 [200 Cal.Rptr. 916, 677 P.2d 1206] as authority for this position.

---

[1]Penal Code section 1382 provides in relevant part: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: 3. . . . when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arraigned if he is in custody at the time of arraignment." As stated above, the petitioner in the case at bar was arraigned in custody on April 13, 1984. Because May 13, 1984, was a Sunday, the last day within which trial was required to be commenced under this section was May 14, 1984, unless good cause to the contrary was shown.

The trial court ruled *Rhinehart* v. *Municipal Court, supra,* was inapposite since the focus of that case was on court congestion, a problem not present in the case at bar.[2] The court trailed the matter day to day, placed the petitioner on three hours call, and formally placed the petitioner's case on the May 18 calendar.

On May 15, 1984, the matter was again called. The petitioner's counsel made a motion to dismiss the case since May 14, 1984, was the last day the case could proceed without violating the petitioner's speedy trial rights. The court denied the motion.

On June 13, 1984, the petitioner filed a petition for writ of mandate and/or prohibition with the Los Angeles Superior Court.

On July 5, 1984, an alternative writ of mandate and/or prohibition was issued ordering dismissal of the underlying case or a showing of cause why dismissal should not be ordered.

On September 12, 1984, argument was heard on the matter. On the following day, the court denied the petition and discharged the alternative writ. No explanation was given. The court entered its judgment on November 16, 1984.

On January 8, 1985, the petitioner filed a petition with this court seeking a peremptory writ of mandate and/or prohibition directing the trial court to set aside and vacate its May 15, 1984, order denying the petitioner's motion to dismiss and to enter a new order granting that motion.

On January 10, 1985, this court issued an order directing real parties in interest to file and serve opposition. Such opposition was filed on January 23, 1985.

On February 11, 1985, this court issued an order and alternative writ of prohibition commanding the trial court to either vacate its May 15, 1984, order denying the petitioner's motion to dismiss and thereafter make a new order granting that motion or to appear before this court to show cause why it had not so acted and why a peremptory writ of mandate should not issue requiring the court to do so. All proceedings in the trial court on the matter were stayed pending further order of this court.

---

[2]The trial court in two other cases that morning did appoint new counsel for defendants who wanted to exercise their rights under *People* v. *Johnson, supra,* 26 Cal.3d 557. These defendants were in custody at the time of their request. As discussed in more detail *infra,* the court in *Johnson* expressly limited the decision in that case to in-custody defendants while *Rhinehart* subsequently rejected this limitation.

Additional briefing on this case by both parties was completed on March 7, 1985.

## II. The Trial Court Erred in Failing to Apply the Dictates of *Johnson* and *Rhinehart* to the Case at Bar

The petitioner argues the trial court erred in denying his motion to dismiss the case since his right to a speedy trial as set forth in Penal Code section 1382 were violated. The petitioner contends *People* v. *Johnson, supra,* and *Rhinehart* v. *Municipal Court, supra,* compel this result. We agree.

In *People* v. *Johnson, supra,* the defendant appealed his conviction for robbery, contending, in part, he was denied his right to a speedy trial. The defendant was arraigned on February 2, 1977, and trial was set for March 23. On that date, the defendant's counsel informed the court he was currently engaged in another trial and would not be available to commence the trial until May 6. The defendant objected to this request, yet the trial court found "good cause" to continue the matter. On May 6 the counsel again requested a continuance for the same reason and this request was again granted over the defendant's objection. The matter was reset for June 14. On May 27 the defendant filed a petition for writ of habeas corpus claiming he had been denied his right to a speedy trial. This petition was denied. The matter was subsequently continued on additional occasions with trial finally commencing on July 12, 144 days after the information was filed against the defendant.

In reviewing this matter, the Supreme Court initially ruled the defendant's counsel lacked the authority to waive the defendant's right to a speedy trial over the defendant's objections since there was a conflict of interest between the counsel and the defendant. As the court stated: ". . . [T]he consent of appointed counsel to a postponement of trial beyond the statutory period, if given solely to resolve a calendar conflict and not to promote the best interests of his client, cannot stand unless supported by the express or implied consent of the client himself. [Fn. omitted.]"[3] (*People* v. *Johnson, supra,* 26 Cal.3d at p. 567.)

---

[3]The real party, in its response to the petition for writ of mandate and/or prohibition before the trial court, argued the public defender in the case at bar never attempted to continue this case over the petitioner's objection and thus there was no conflict of interest as occurred in *Johnson*. We disagree. The lack of a *formal* request for a continuance is of no consequence since such a continuance was required if the court refused counsel's request to withdraw from the case. When counsel informed the court she was presently engaged in another trial, this meant counsel was unavailable to conduct the current trial and ipso facto required a delay or continuance of this case if she was to remain the attorney of record. Moreover, in *Johnson* itself, when the defendant's counsel first informed the court he would not be available until May 6, 1977, he never formally requested a continuance, yet the trial court recognized this was his implicit request. (*People* v. *Johnson, supra,* 26 Cal.3d at p. 563.) It is the unavailability of counsel to try the defendant's case within the statutory limits because of counsel's obligations to another client which creates the conflict.

The remaining issue before the court was whether the congested calendar of the public defender could serve as sufficient "good cause" for the continuance beyond the statutory deadline so the trial court could avoid the required dismissal.[4]

The Supreme Court held this was not sufficient cause. As the court stated:

"A defendant's right to a speedy trial may be denied simply by the failure of the state to provide enough courtrooms or judges to enable defendant to come to trial within the statutory period. The right may also be denied by failure to provide enough public defenders or appointed counsel, so that an indigent must choose between the right to a speedy trial and the right to representation by competent counsel.

". . . . . . . . . . . . . . . . . . . . . . . . .

"The state cannot reasonably provide against all contingencies which may create a calendar conflict for public defenders and compel postponement of some of their cases. On the other hand, routine assignment of heavy case-loads to understaffed offices, when such practice foreseeably will result in the delay of trials beyond the 60-day period without defendant's consent, can and must be avoided. A defendant deserves not only capable counsel, but counsel who, barring exceptional circumstances, can defend him without infringing upon his right to a speedy trial.

". . . . . . . . . . . . . . . . . . . . . . . . .

"Under these circumstances we think the court should inquire whether the assigned deputy could be replaced by another deputy or appointed counsel who would be able to bring the case to trial within the statutory period. . . . If . . . the court cannot ascertain a feasible method to protect defendant's right, the court will have no alternative but to grant a continuance; upon a subsequent motion to dismiss, however, the court must inquire into whether the delay is attributable to the fault or neglect of the state; if the court so finds, the court must dismiss." (*Id.*, at pp. 571-572.)

The real party argues *Johnson*'s requirement of "stricter speedy trial rights" is expressly limited to in-custody defendants and thus inapplicable to the case at bar citing *Johnson* and *Sanchez* v. *Superior Court* (1982) 131 Cal.App.3d 884, 889-890 [182 Cal.Rptr. 703]. While *Johnson* was indeed limited to this context, and *Sanchez* adhered to this limitation, *Rhinehart* v. *Municipal Court, supra,* subsequently extended the principals of *Johnson* to noncustody defendants accused of committing misdemeanors.

---

[4]As stated earlier, the Supreme Court expressly limited its discussion on this issue to the case of an incarcerated defendant. (*Id.*, at p. 569.)

In *Rhinehart,* the defendant was charged with driving while under the influence of alcohol, a misdemeanor. On the last day possible to commence the defendant's trial without violating Penal Code section 1382, the judge told the parties he would impanel the jury on this day, but the trial would not commence until about a week later. The judge stated he was only impaneling the jury on this date to avoid dismissal under section 1382. A major issue on appeal was whether the defendant was "brought to trial" within the meaning of section 1382 by the mere impaneling of the jury.

The Supreme Court ruled the trial court did not bring the defendant to trial in a timely fashion. The court stated: ". . . [A]n accused is 'brought to trial' within the meaning of section 1382 when a case has been called for trial by a judge who is normally available and ready to try the case to conclusion." (*Rhinehart* v. *Municipal Court, supra,* 35 Cal.3d at p. 780.) Since the court determined the defendant had not been brought to trial within the meaning of section 1382, the court next decided whether there was good cause for the further delay.[5]

In assessing whether there was good cause for the delay, the court applied the principles adopted in *Johnson.* Although recognizing the court in *Johnson* expressly limited its discussion to cases involving individuals in custody awaiting trial, the court stated: ". . . [*T*]*here is no sound reason why its reasoning should not apply to individuals who are not in custody.* The constitutional and statutory guarantees to a speedy trial are not limited to incarcerated individuals." (*Id.,* at p. 782) (Italics added.)[6] The court held absent exceptional circumstances, a trial court's congested calendar does not constitute good cause under section 1382. The court found there were no such exceptional circumstances in the case before it since the delay was caused by a shortage of judges due to one judge being on vacation. Furthermore, the court stated, even assuming a delay for these reasons consti-

---

[5]In attempting to distinguish *Rhinehart* from the case at bar, the real party argues the sole issue in *Rhinehart* was whether the defendant was "brought to trial" within the meaning of Penal Code section 1382. Yet once the court determined this initial issue, the court was squarely faced with the "good cause for further delay" issue.

[6]In attempting to avoid the ramifications of this extension of *Johnson,* the real party argues *Rhinehart* at all times limited its discussion to whether court congestion constituted good cause for delay and thus did not extend *Johnson* beyond that factual context. However, this position is simply unsupportable. *Rhinehart,* in eliminating the in-custody requirement, cannot be read as limiting this extension of *Johnson* to a particular factual context, court congestion, but must be read as extending *Johnson* beyond the particular factual context from which the guiding principles in *Johnson* arose. As the *Rhinehart* court expressly stated: "*Johnson* involved whether appointed counsel's congested calendar constituted good cause under section 1382. (*Johnson, supra,* 26 Cal.3d at p. 569.) However, *this court did not limit its analysis to only that type of congestion, but also discussed whether court congestion could excuse compliance with the time limits of the statute.*" (*Id.,* at p. 781, fn. 15.) Thus *Rhinehart* found the overbooked lawyer to be simply one form of congestion and overloaded courts another. It did not hold either justified denial of a defendant's speedy trial rights.

tuted an exceptional circumstance, it was error for the trial not to proceed immediately upon the return of the vacationing judge. (*Id.*, at p. 783.)

We are compelled by the decisions reached in *Johnson* and *Rhinehart* to apply the principles established in those cases to the case at bar. Thus, unless there were exceptional circumstances which brought about the crowded calendar of the petitioner's public defender, there was not good cause for the delay and the trial court erred in not granting the petitioner's motion to dismiss. No such showing was made. In fact, the real party was not required even to attempt to make such a showing since the trial court deemed the *Johnson-Rhinehart* principles inapplicable. The court erred in this regard and we have to assume no such exceptional circumstances existed.[7] Real party has not argued otherwise.

The real party in contending there was good cause for the delay, argues the decision to trail the petitioner's case day to day rather than appoint another counsel who was unfamiliar with the case was actually for the benefit of the petitioner. It argues since the petitioner's current counsel had represented the petitioner for several weeks and was fully prepared, the delay ensured he would have effective assistance of counsel. While the *Johnson* court acknowledged delay for the benefit of the defendant constitutes good cause, it specifically rejected the argument raised by the real party. The court held a delay which is requested by a public defender due to his commitment to another client is not for the benefit of the defendant but for the benefit of the other client. The public defender is subordinating the defendant's right to a speedy trial to the needs of the other client. The defendant *not only deserves competent counsel,* but he also deserves counsel who will not infringe the defendant's right to a speedy trial. (*People* v. *Johnson, supra,* 26 Cal.3d at p. 572.)[8]

The real party also relies on *People* v. *Superior Court (Lerma)* (1975) 48 Cal.App.3d 1003 [122 Cal.Rptr. 267] to support its current position. In *Lerma,* a defendant's trial was not commenced within the 60-day statutory period, in part, because his appointed counsel was tied up in another trial and other public defenders were not available to try his case. The trial court granted a motion to dismiss the case due to this violation of

[7]It should also be recalled this was not the case of one lone public defender having a burdensome caseload. As stated earlier, on the same day the petitioner sought to substitute counsel, other defendants were granted this same request because their counsels were overloaded with cases. The state is responsible for denials of defendants' speedy trial rights which are the result of the failure to provide enough public defenders.

[8]This is not a case in which it can be argued counsel properly waived the defendant's rights to a speedy trial because counsel used the delay to prepare his defense or to secure witnesses, i.e., the delay was truly for the benefit of the defendant and not for some other client. (See *People* v. *Johnson, supra,* 26 Cal.3d at pp. 567-568 and discussion of *Townsend* v. *Superior Court* (1975) 15 Cal.3d 774 [126 Cal.Rptr. 251, 543 P.2d 619] therein.)

section 1382. The appellate court reversed, however, holding the fact counsel was engaged in another trial and no other counsel could be appointed constituted good cause for the delay. (*Id.*, at p. 1010.)

In *Johnson,* the court expressly questioned this case and other cases which held excessive public defender caseloads necessarily constitute good cause to deny dismissal. (*People* v. *Johnson, supra,* 26 Cal.3d at p. 570-571.) It is clear in light of the Supreme Court decisions in *Johnson* and *Rhinehart,* delay caused by the crowded calendars of public defenders will only be deemed for good cause when exceptional circumstances brought about the congested calendars. *Lerma* can no longer be read to establish any broader principle.

The real party also argues the guiding principle established in *Johnson* and subsequent decisions is the state, through the trial court, will only be held responsible for the delay caused by an attorney's congested calendar when the court has been made aware of such congestion well in advance of the statutory deadline and failed to act to prevent the delay. In *Johnson,* for instance, real party points to the fact the trial court knew nine days before the defendant's statutory deadline that the defendant's counsel intended to continue the matter beyond the deadline, yet took no action to prevent the delay. While this is indeed factually correct, the real party cites to no specific language in *Johnson* which demonstrates the court found this factor critical to its decision.[9]

---

[9] In *Johnson,* as in subsequent cases addressing this issue, the critical question is whether the delay is caused by exceptional circumstances. An element in this determination would certainly be whether the delay was foreseeable. However, this is only one of the factors to be considered. (*Arreola* v. *Municipal Court* (1983) 139 Cal.App.3d 108, 114 [188 Cal.Rptr. 529].) Real party argues that in the case at bar the trial court did not learn of counsel's engagement in another trial until the last day of the statutory period and as such, the state is not responsible. The petitioner disputes the court's lack of knowledge and for good reason. Counsel's other case which conflicted with the instant case was *People* v. *O'Brien.* On May 8, 1984, the trial court which heard the case at bar also had *O'Brien* before it and on that date set *both* cases for trial for May 11, 1984. In *O'Brien,* the defendant had been arraigned while in custody on April 12, 1984, for misdemeanor offenses. We can safely assume the court was well aware of the statutory time limitations under which it was operating with respect to both cases and that if either case went to trial on May 11, there would be substantial problems meeting the other defendant's speedy trial rights unless counsel was replaced. Thus, it is inaccurate to argue the trial court was not aware of counsel's other obligations until May 14, 1984, and was not able to avert the delay in petitioner's trial due to the court's inability to anticipate the problem. Moreover, even assuming real party's argument were accurate, we still reject it. The issue is whether there were exceptional circumstances which justified the delay. *Johnson* expressly stated a heavy caseload which is not the result of exceptional circumstances is insufficient by itself to provide good cause for the delay. Thus, if counsel has such a caseload because of routine assignments, the time at which the trial court learns of the need for the delay is not the key factor. Of course, counsel cannot deliberately seek to keep the court uninformed of the necessary delay until the last possible moment when counsel knows such delay is inevitable. (See *People* v. *Johnson, supra,* 26 Cal.3d at p. 573, fn. 17.) Furthermore, the possibility some cases might be delayed would have been foreseeable at the time of the case assignments, although it might not have been foreseeable which particular cases would suffer that fate. We think this is all the Supreme Court meant by the concept of foreseeability.

The real party also cites *Rhinehart* v. *Municipal Court, supra,* to support this alleged principle. However, in *Rhinehart,* real party's contention isn't even factually correct. In that case, as real party acknowledges, the trial court did not know of its calendar congestion until two days before the defendant's last day. It is difficult to understand how this fits the suggested requirement of being aware of the necessary delay "well in advance."

The real party also cites *Lewis* v. *Superior Court* (1981) 122 Cal.App.3d 494 [176 Cal.Rptr. 80] to support its position although we are at a loss to understand how it provides such support. In that case, the defendant's trial was delayed beyond the statutory limits due to a trial judge training session attended by a large number of judges whose absence resulted in court congestion. However, contrary to real party's contention, the appellate court held this conference was not the cause of the delay, it was the failure of the trial court to recall judges from the conference *once the delay was apparent* that was the cause. Having isolated the cause, the court stated this was not good cause for the delay. The trial court reached this conclusion *even though* the congestion resulting from the training session was not foreseeable. As the court stated: "For, while it could be foreseen that the problem that developed *might* arise, it could not be foretold that it *would* arise." (*Id.,* at p. 498.) (Italics in original.)

In the case at bar, as in *Lewis,* the trial court failed to take any action to ensure the petitioner's speedy trial rights would not be infringed. *Even after* counsel informed the court of her other trial commitment, the court made no attempt to substitute counsel who could bring the case to trial within the statutory period. *Lewis,* rather than strengthening real party's position, in fact demonstrates its major weakness.

Real party also cites *People* v. *Superior Court (Lerma), supra.* In that case, however, the court knew of the problem seven days in advance of the defendant's last day. While indeed this constitutes knowledge "well in advance", in that case the appellate court stated the defendant's speedy trial rights *were not* violated.[10]

---

[10]The real party also cites *People* v. *Floyd* (1970) 1 Cal.3d 694 [83 Cal.Rptr. 608, 464 P.2d 64], cert. den. *Milton* v. *California* (1972) 406 U.S. 972 [32 L.Ed.2d 672, 92 S.Ct. 2418], overruled on other grounds in *People* v. *Wheeler* (1978) 22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748] and *People* v. *Reed* (1982) 133 Cal.App.3d Supp. 7 [184 Cal.Rptr. 606] to support its position unforeseen circumstances constitute good cause to delay a criminal trial. However, both cases are completely inapposite to the case at bar. In *Floyd,* the delay in the defendant's trial was caused by the defendant himself—he refused on several occasions to cooperate with his own counsel so his counsel was unprepared for trial. Hence, the Court held the delay was caused by the bad faith actions of the defendant. (*People* v. *Floyd, supra,* 1 Cal.3d at pp. 706-707.) In *Reed,* the defendant filed an affidavit of prejudice under Code of Civil Procedure section 170.6 in the afternoon of his last day to be tried. The defendant thus created the cause for delay. Moreover, once this affidavit was filed, the court tried its best to find another court. (*People* v. *Reed, supra,* 133 Cal.App.3d

In the case at bar, upon learning of counsel's inability to represent the petitioner due to other trial commitments, the trial court, pursuant to the decisions in *Johnson* and *Rhinehart,* should have inquired whether counsel could be replaced by another counsel. The court failed to do this. In fact, it did nothing to ensure the petitioner's speedy trial. The trial court incorrectly justified its position by holding *Rhinehart* inapplicable to the case before it.[11] When the petitioner subsequently made his motion to dismiss, the court perpetuated its error by denying the motion for the same reasons. No showing of exceptional circumstances was made and none apparently existed.

The record of the proceedings does not demonstrate good cause to avoid dismissal of the charges and the petitioner's motion to dismiss should now be granted.

### DISPOSITION

Let a peremptory writ of mandate issue requiring the trial court to vacate its order denying the petitioner's motion to dismiss the complaint and to make a new order granting that motion.

Thompson, J., concurred.

**LILLIE, P. J.**—I respectfully dissent and would deny the petition.

Section 1382, Penal Code provides for mandatory dismissal of a misdemeanor action if it is continued without the express or implied consent of defendant beyond the 30-day period following arraignment if he is in custody at the time of arraignment unless good cause to the contrary is shown. (Subd. 3.) What constitutes "good cause" depends on the circumstances of each case and is a determination within the discretion of the trial court. Absent a showing of abuse of that discretion, the trial court's determination will not be disturbed. (*Rhinehart* v. *Municipal Court* (1984) 35 Cal.3d 772, 781 [200 Cal.Rptr. 916, 677 P.2d 1206]; *Owens* v. *Superior Court* (1980)

---

Supp. 10-11.) As the petitioner correctly notes, in the case at bar, the court failed to make any effort to protect the petitioner's speedy trial rights and thus *Reed* also demonstrates the major weakness in real party's position. This is not a case in which the trial court did all it could to protect the petitioner's speedy trial rights once it learned of counsel's need for a delay. The court did nothing, and in doing nothing, it violated the petitioner's rights.

[11] The real party argues there is no evidence in the record there was no other public defender available to try the case. It is hard to understand how this supports real party's position. If indeed another counsel was available, then this further demonstrates the error of the court in failing to even attempt to substitute counsel who could bring the case to trial within the requisite period. It is only if after the court determines no counsel is available or no counsel can bring the case to trial within the statutory deadline that the court should grant a continuance. Of course, the defendant can still subsequently seek dismissal. The trial court erred in failing to make this initial effort.

28 Cal.3d 238, 250 [168 Cal.Rptr. 466, 617 P.2d 1098]; *People* v. *Johnson* (1980) 26 Cal.3d 557, 570 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) Our Supreme Court has held in the circumstances of each case that the congested calendar of appointed counsel of a defendant in custody awaiting trial on a felony charge cannot serve as "good cause" under section 1382, Penal Code (*People* v. *Johnson,* 26 Cal.3d 557, 569), nor can the congested state of the trial court's calendar in the absence of exceptional circumstances where a defendant, not in custody, is awaiting trial on a misdemeanor charge. (*Rhinehart* v. *Municipal Court, supra,* 35 Cal.3d 772, 781-782.)

In the instant case no argument of good cause was made by the prosecution; there is no evidence that the trial court could not have heard the case on the last day; the court expressly stated there was no issue of congested trial court calendar; and the court found there to be no exceptional circumstances. Thus, in denying defendant's motion for appointment of new counsel on the last day, the trial court said "the relevant issue is counsel's unavailability to try one case after being engaged in another case and whether or not the court has an obligation under those circumstances to appoint another attorney for a non-custody defendant." The court concluded that significant "was the fact Miss Hollander was trying another case and that the issue is whether Mr. Gomez had the right to require the court to appoint a second counsel because of that." The next day (May 15) defendant's motion to dismiss was denied. Thus the appellate issue is whether under the circumstances the congested calendar of the deputy public defender representing a defendant, who is not in custody, awaiting trial on a misdemeanor charge is "good cause" under section 1382, Penal Code. At first blush it would appear, as urged by petitioner, that *Johnson* and *Rhinehart* compel a negative answer, but despite the language in *People* v. *Rhinehart, supra,* 35 Cal.3d 772, 782, I cannot agree. Under the circumstances here I find no abuse of judicial discretion in the denial of the motion to dismiss. In my view *People* v. *Johnson,* 26 Cal.3d 557 does not here control because it is limited to the in-custody defendant (p. 569), contemplates the ability of the trial court to appoint other counsel who will be able to bring the case to trial within the statutory period (p. 580), and rests on the improbability that a dismissal would result in defendant's escaping trial. (P. 573.)

## I

## DENIAL OF REQUEST TO APPOINT NEW COUNSEL

The court in *People* v. *Johnson, supra,* 26 Cal.3d 557, clearly restricted its holding to a defendant in custody pending trial. "A defendant who is incarcerated pending trial, such as defendant Johnson, suffers particular harm when he is denied his right to trial within the statutory period. The

following discussion of the 'good cause' provision of section 1382 is limited to the case of an incarcerated defendant." (P. 569, fn. omitted.) Later the court concluded, ". . . the state is in no position to deny a defendant his right to a speedy trial because the state is unable to provide counsel who can bring the case to trial within the statutory limits. If the state wants to incarcerate a citizen it cannot do so in violation of the state's own obligations and in violation of its own self-imposed conditions of confinement. The state must be a model of compliance with its own precepts." (P. 580.) The rationale is that the speedy trial right of an in-custody defendant cannot be subordinated to the convenience of the public defender and the criminal justice system while he remains confined in jail beyond the prescribed time until the system will accommodate him. The danger to be avoided is not here present because immediately after arraignment defendant was released and thereafter remained free on his own recognizance.

Petitioner seeks to escape the custody-status distinction drawn in *Johnson* by pointing up language in *Rhinehart* v. *Municipal Court, supra,* 35 Cal.3d 772 which, he urges, makes *Johnson* applicable to his case. In *Rhinehart,* a misdemeanor case in which defendant was not in custody, the court, not then available for a trial of the cause, impaneled a jury on the last day of the statutory period solely to avoid dismissal under section 1382, and thereafter continued the trial a week past the statutory limit. On the main issue, the court held the accused is "brought to trial" within the meaning of section 1382 when the case is called for trial by a judge available and ready to try the case to its conclusion. (P. 780.) Then the court was confronted with whether the trial court's congested calendar constituted "good cause" for avoiding the time limit of section 1382. Neither a waiver of speedy trial right nor an issue involving the right to new court-appointed counsel was involved. In discussing the court's congestion as "good cause," the court cited to *Johnson* stating, "Although the court in *Johnson* expressly limited its discussion of the 'good cause' provision of section 1382 to cases involving individuals who are incarcerated while awaiting trial (*Johnson, supra,* 26 Cal.3d at p. 569), there is no sound reason why its reasoning should not apply to individuals who are not in custody. The constitutional and statutory guarantees to a speedy trial are not limited to incarcerated individuals." (P. 782.) It is the rule of *Johnson,* that court congestion is not "good cause" under section 1382, that was specifically applied in *Rhinehart* to misdemeanor defendants who are not in custody. But aside from my interpretation of *Rhinehart,* there are several reasons for my conclusion that *Johnson* should not apply in the circumstances of this case.

First, *Johnson* by its own language is restricted to in custody defendants, and there is good reason for this. Even the statute (§ 1382, subd. 3, Pen. Code) makes a distinction between those in custody and those who are not. It is made in the context of when the time within which an accused must be brought to trial in a misdemeanor case begins to run—30 days after a de-

fendant is arraigned "if he is in custody at the time of arraignment" or 45 days "in all other cases." The Legislature made custody status an important factor in the case of misdemeanants. Prejudice suffered by a defendant in custody because of a delay in trial is the obvious basis for the distinction in the statute as well as in *Johnson. Johnson*'s requirement of stricter speedy trial rights based upon "the particular harm" faced by the incarcerated defendant, hardly applies here.

Second, *Johnson*'s rationale contemplates that the trial court will be able to appoint competent new counsel who will bring the case to trial before the statutory period expires. In that case the court could have easily done so because of the time factor involved. Johnson was arrested on February 2; trial was set for March 23 on which day the deputy public defender asked the court for a continuance to May 6 because his trial calendar of other cases prevented him from trying defendant's case before that time; the court granted the request and continued the cause to May 6 over objection of defendant. There the trial court acquiesced in a delay attributable to the deputy public defender, knowing nine days in advance of the last day of the statutory period that he still would be unavailable to represent Johnson because he was engaged in another trial. There was adequate time for the trial court to act in Johnson's case—inquire into the matter of appointment of new counsel and appoint one who would be able to bring defendant to trial within the statutory limit. Said the court: "A defendant deserves not only capable counsel, but counsel who, barring exceptional circumstances, can defend him without infringing upon his right to a speedy trial." (P. 572.) And again, at pages 572-573, "Under these circumstances we think the court should inquire whether the assigned deputy could be replaced by another deputy or appointed counsel who would be able to bring the case to trial within the statutory period. In some instances, appointment of new counsel will serve to protect defendant's right to a speedy trial. If, on the other hand, the court cannot ascertain a feasible method to protect defendant's right, the court will have no alternative but to grant a continuance; upon a subsequent motion to dismiss, however, the court must inquire into whether the delay is attributable to the fault or neglect of the state; if the court so finds, the court must dismiss." (Fn. omitted.) *Johnson* placed on the trial court the burden of determining whether another deputy public defender was available and if not, of finding a competent lawyer to bring the case to trial within the statutory period. As I read *Johnson,* appointed counsel's congested trial calendar alone does not per se require appointment of new counsel, for if under the circumstances the court "cannot ascertain a feasible method to protect defendant's right," it has no alternative but to grant a continuance.

The circumstances of *Johnson* do not exist here and further, the need for effective representation by appointed counsel who is appointed the same day he must go to trial, is no small problem. Here the trial court for the first

time learned on the last day (May 14) of the statutory period that the deputy public defender, Ms. Hollander, was unavailable for trial of defendant's case. The plain facts are that Ms. Hollander knew on May 11, when she took on the defense of O'Brien in another trial (People v. O'Brien) in another court, that she would not be available to defend Gomez on May 14, yet she did nothing to so advise the court; she waited until the last day of the statutory period (May 14) to inform the court and request appointment of new counsel for defendant. It is conceded that no other deputy public defender was available. Petitioner argued that the court should have "done something." I fail to see what the court could have done under the circumstances for it is not reasonable that counsel appointed on the last day would be able to competently defend Gomez and proceed to trial on that day "to protect defendant's right to a speedy trial." (*People* v. *Johnson, supra,* 26 Cal.3d 557, 572.)

Defendant was arrested on April 12, 1984; on April 13, a complaint charging him with a violation of section 11550, subdivision (b), Health and Safety Code, was filed. On that day he was arraigned, entered his plea of not guilty and was immediately released on his own recognizance. Defendant was not in custody at any time during the pendency of the trial. The public defender was appointed to represent him, and the cause was set for jury trial for May 1. Thereafter the cause was twice called for jury trial (May 1, 8), and on each call Ms. Hollander answered ready; the case trailed to Friday, May 11. On May 11 the case was called for a jury trial and Ms. Hollander and the prosecutor answered ready; the cause trailed to May 14. However, on the same day (May 11) in another court, Ms. Hollander announced ready for and proceeded to trial in the two-week jury trial of People v. O'Brien, and on that day a jury was impaneled and sworn. On Monday, May 14, the 30th day from defendant's arraignment, Ms. Hollander appeared with defendant, and when the cause was called for jury trial and the prosecutor announced ready she, for the first time, informed the court she was unavailable for trial having on Friday, May 11 become engaged in the trial of People v. O'Brien; and requested the court appoint another lawyer to represent defendant herein. Thereupon, defendant read from a printed card, "I don't want to waive time. I want my speedy trial right. I want the court to appoint another lawyer for me today since Miss Hollander is engaged." Ms. Hollander requested the court to appoint counsel so that defendant "could exercise his speedy trial rights and have his trial, this being the last day." The court denied the motion, concluded that defendant was not ready for trial because his lawyer was engaged, over his objection ordered the trial to trail on a day-to-day basis behind People v. O'Brien to await Ms. Hollander and placed defendant on three-hour call. The next day, May 15, the day following the expiration of the 30-day period, Ms. Hollander appeared with defendant and moved to dismiss. The court denied the motion and ordered the case to trail day-to-day; Ms. Hollander became available on May 16, O'Brien having changed his plea. On Friday, May

18, defendant and Ms. Hollander appeared, the cause was set for jury trial and defendant waived time. On October 4 defendant and Ms. Hollander requested that he be diverted and referred to the probation department. Defendant is presently in the diversion program.

Ms. Hollander's failure to advise the court on May 11 that she would be unavailable for trial on what she knew to be the last day (May 14) of the statutory period, knowing no other public defender was available to take over for her, deprived the court of the opportunity to appoint counsel who would be prepared to defend Gomez within the speedy trial limit and avert a delay. At the same time defendant refused to waive time (as he had a right to do) and insisted the court appoint counsel on the last day so that he could go to trial the same day. It is only fair to expect the state to provide facilities and the machinery needed to give a defendant his speedy trial right, but in this case the court was placed in the untenable position of either delaying the trial past the 30-day limit or appointing counsel who, unfamiliar with the case and unprepared to represent Gomez, would have to proceed with the jury trial the same day. One wonders what kind of representation defendant would get under such circumstances. As stated in *Johnson,* an accused deserves not only capable counsel but counsel who can defend him and be able to bring the case to trial within the statutory period. It is entirely unrealistic to expect newly appointed counsel to take over the defense in a jury trial especially one in which defendant is charged with a narcotic violation, and be prepared to effectively represent him on the same day he was appointed. Petitioner had a tendency in his oral argument to sweep this concern under the rug by telling this court "we are not to that point yet," but I disagree. Effective representation of a defendant under these circumstances is a serious consideration for the court, and now, I cannot find that the court, faced with all of the foregoing circumstances acted unreasonably.

II

MOTION TO DISMISS

*Johnson* instructs us that in some instances appointment of new counsel will serve to protect defendant's right to a speedy trial but if the court cannot ascertain a feasible method to protect defendant's right, the court will have no alternative but to grant a continuance; "upon a subsequent motion to dismiss, however, the court must inquire into whether the delay is attributable to the fault or neglect of the state; if the court so finds, the court must dismiss." (26 Cal.3d at 572-573, fn. omitted.)

On the day (May 15) following the last day of the statutory period the court denied defendant's motion to dismiss. No reason for its decision on

the motion was given by the court but the ruling carries the implied finding that the delay beyond the 30-day period was not attributable to the fault or neglect of the state, and that "good cause" existed for delaying the trial beyond the 30-day period. (*People* v. *Superior Court* (*Lerma*) (1975) 48 Cal.App.3d 1003, 1008-1009 [122 Cal.Rptr. 267].) It is conceded by both parties that no court congestion existed thus, the state did not cause the delay. Here, then, the delay reasonably can be attributed to the state only if the state was in a position to avert it. The fault or neglect in *Johnson* and *Rhinehart* was attributable to the trial court because it knew well in advance of the last day that counsel would be unavailable or that no court would be available for the trial, but did nothing. Without further belaboring the point, it is clear the trial court here was given no time in which to appoint counsel to properly represent defendant and who could try his case within the statutory time, which means trial on the same day counsel was appointed. This caused a delay for which the court was not responsible and which could not have anticipated by it and it could not avert. The delay was caused by Ms. Hollander who took on the trial of another case three days before but did not advise the court until the last day that she was unable to represent Gomez. The court did not acquiesce in the delay. Under these circumstances I cannot attribute the resulting delay in trial to the fault or neglect of the court. In my view the state neither caused the delay nor acquiesced in a delay caused by an officer of the court.

Finally, I have several concerns with the result reached in the majority opinion. First, it opens the way for abuse that makes a mockery of our system of justice. It allows a defendant in a criminal case with the aid of his court appointed lawyer to wait until the last day of his speedy trial period to advise the court that his counsel is unavailable for trial, refuse to waive time and demand the court appoint new counsel to go to trial immediately thereby placing the trial court in the position of having to either appoint new counsel who is neither familiar with the case nor prepared to proceed to immediately go to trial, or dismiss the charges against defendant. This concern was voiced in *Johnson* in the case of a defendant in custody. Said the court: "Because appointed counsel are furnished by the state, fault or neglect by such counsel may under the reasoning of this opinion result in the dismissal of charges. We observe, however, 'that both the people and the defendant have the right to an expeditious disposition, and to that end, it [is] the duty of all courts and judicial officers and of all counsel, both the prosecution and the defense, to expedite such proceedings to the greatest degree that is consistent with the ends of justice. . . .' (§ 1050.) It would therefore be improper for appointed counsel deliberately to overbook his calendar or otherwise conduct himself so as to delay trial and thereby secure a dismissal of the charges against his client; such deliberate delay, because undertaken for the benefit of the defendant, would constitute good cause to deny a motion to dismiss." (*People* v. *Johnson, supra,* 26 Cal.3d 557, 573, fn. 17.)

Second, the defendant in a case of this kind will escape prosecution because section 1387, Penal Code precludes a refiling of misdemeanor charges. However, in *Johnson* there was no likelihood that defendant would evade prosecution. Said the court at page 573: "The dismissal of charges when a defendant is denied his right to a speedy trial whether because of conflicting obligations of appointed counsel, congested court calendars, or other causes will not result in defendants' escaping trial for serious crimes they may have committed. Under section 1387, the dismissal of a felony charge for lack of a speedy trial is not a bar to further prosecution unless the charge has been previously dismissed on such grounds."

In concluding, I note that prior to the filing of the within petition defendant appeared with Ms. Hollander before the trial court and requested that he be diverted. Presently defendant is in the diversion program. Defendant's acceptance of the benefits of diversion well may operate as a waiver of his speedy trial rights; in my opinion the alternative writ was improvidently issued.

A petition for a rehearing was denied July 22, 1985, pursuant to rule 27(e), California Rules of Court.